WEIDHORN *v.* LEVY, TRUSTEE IN BANKRUPTCY
OF THE ESTATE OF WEIDHORN, BANKRUPT.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE
FIRST CIRCUIT.

No. 203. Argued January 28, 29, 1920.—Decided June 1, 1920.

A referee in bankruptcy is not a separate court, nor endowed with any
independent judicial authority, but merely an officer of the court
of bankruptcy having no power except as conferred by the order of
reference, read in the light of the act, and whose judicial functions
are subject always to the review of the bankruptcy court. P. 271.
Under the Bankruptcy Act and the general orders in bankruptcy, a
referee, by virtue of a general reference under Order XII (1), has
not jurisdiction over a plenary suit in equity brought by the trustee
in bankruptcy against a third party to set aside a fraudulent transfer
or conveyance under § 70e, and affecting property not in the custody
or control of the court of bankruptcy. Pp. 270–274.
A decree of the District Court, vacating a decree made by the referee
in such a suit and dismissing the bill, upon the ground that the
referee exceeded his powers under the order of reference, is review-
able in the Circuit Court of Appeals by petition to revise under
§ 24b of the act. P. 269.
253 Fed. Rep. 28, reversed.

THE case is stated in the opinion.

*Mr. William M. Blatt,* with whom *Mr. Walter Hartstone*
was on the brief, for petitioner.

*Mr. Lee M. Friedman* for respondent.

MR. JUSTICE PITNEY delivered the opinion of the court.

Upon his voluntary petition, filed in February, 1916, J.
Herbert Weidhorn was adjudged a bankrupt, and the

District Court referred the case to a referee under General Order XII (1). Thereafter the trustee in bankruptcy addressed to and filed with the referee a bill in equity against the bankrupt's brother, Leo Weidhorn (the present petitioner) and the Boston Storage Warehouse Company, alleging that certain chattel mortgages, or bills of sale in the nature of mortgages, made by the bankrupt to Leo more than four months before the filing of the petition in bankruptcy, and under which, prior to the filing of the petition, possession of the chattels had passed to the mortgagee and the Storage Warehouse Company, were invalid because made in fraud of creditors, and seeking to set them aside under the Statute of Elizabeth and the Bankruptcy Act, § 70e, and recover the chattels or the proceeds thereof for the bankrupt estate. Defendant Leo Weidhorn promptly objected to the jurisdiction of the referee, and afterwards answered to the merits. The referee overruled the jurisdictional objection, proceeded to hear the merits, and entered a final decree in favor of the trustee. On review the District Court, considering the jurisdictional question only, vacated the decree and dismissed the bill upon the ground that the referee exceeded his powers under the order of reference. 243 Fed. Rep. 756. The trustee petitioned the Circuit Court of Appeals to revise the decree under § 24b; and that court, deeming that the District Court had erred in holding that the referee acted without jurisdiction, reversed its decree dismissing the bill and remanded the cause for further proceedings, including a review of the merits. 253 Fed. Rep. 28. A writ of certiorari brings the case here.

It is assigned for error that the Circuit Court of Appeals ought not to have entertained the petition to revise under § 24b; the contention being that since the decree complained of was made in a plenary suit the exclusive remedy was by appeal under § 24a. Had the District Court sustained the jurisdiction and passed upon the merits the

point would be well taken, as the court thereby would have determined a "controversy arising in bankruptcy proceedings." *Hewit* v. *Berlin Machine Works*, 194 U. S. 296, 300. But since the decision turned upon a mere question of law as to whether the referee had authority to hear and determine the controversy—in effect a question of procedure—it properly was reviewable by petition to revise under § 24b. *Louisville Trust Co.* v. *Comingor*, 184 U. S. 18, 26; *Schweer* v. *Brown*, 195 U. S. 171, 172; *First National Bank* v. *Chicago Title & Trust Co.*, 198 U. S. 280, 288, 291; *Matter of Loving*, 224 U. S. 183, 188; *Gibbons* v. *Goldsmith*, 222 Fed. Rep. 826, 828.

Did the referee exceed the authority and jurisdiction conferred upon him by the Bankruptcy Act and the general order of reference?

The following provisions of the act are pertinent: By § 1 (7) " 'court' shall mean the court of bankruptcy in which the proceedings are pending, and may include the referee." By § 18g, "If the judge is absent from the district, or the division of the district in which the petition is filed at the time of the filing, the clerk shall forthwith refer the case to the referee." Section 22 provides that after a person has been adjudged a bankrupt the judge may make a reference to the referee either generally or specially with limited authority to act or to consider and report, and "may, at any time, for the convenience of parties or for cause, transfer a case from one referee to another." By § 36, "Referees shall take the same oath of office as that prescribed for judges of United States courts." And by § 38a, "Referees respectively are hereby invested, subject always to a review by the judge, within the limits of their districts as established from time to time, with jurisdiction to . . . (4) perform such part of the duties, except as to questions arising out of the applications of bankrupts for compositions or discharges, as are by this Act conferred on courts of bankruptcy and

as shall be prescribed by rules or orders of the courts of bankruptcy of their respective districts, except as herein otherwise provided."

These provisions make it clear that the referee is not in any sense a separate court, nor endowed with any independent judicial authority, and is merely an officer of the court of bankruptcy, having no power except as conferred by the order of reference—reading this, of course, in the light of the act; and that his judicial functions, however important, are subject always to the review of the bankruptcy court.

In the general orders established by this court pursuant to the act, under XII (1) provision is made for an order referring a case to a referee; "And thereafter all the proceedings, except such as are required by the act or by these general orders to be had before the judge, shall be had before the referee." 172 U. S. 657.

The question is, whether the present suit brought by the trustee in bankruptcy against petitioner was a "proceeding" within the meaning of this provision. We cannot concur in the view of the District Court that this question is governed by the distinction between "proceedings in bankruptcy" and "controversies at law and in equity arising in bankruptcy proceedings," as these terms are employed in §§ 23, 24a, 24b, and 25a; there may be controversies arising in the course of bankruptcy proceedings that are so far connected with those proceedings as to be in effect a part of them and capable of summary disposition by the referee under the general order of reference, although because of their nature or because involving a distinct and separable issue they may be reviewable, under the sections cited, by appeal rather than by petition to revise. *Hewit* v. *Berlin Machine Works,* 194 U. S. 296, 300; *Knapp* v. *Milwaukee Trust Co.,* 216 U. S. 545, 553.

Thus, if the property were in the custody of the bankruptcy court or its officer, any controversy raised by an

adverse claimant setting up a title to or lien upon it might be determined on summary proceedings in the bankruptcy court, and would fall within the jurisdiction of the referee. *White* v. *Schloerb*, 178 U. S. 542, 546; *Mueller* v. *Nugent*, 184 U. S. 1, 13.

But in the present instance the controversy related to property not in the possession or control of the court or of the bankrupt or anyone representing him at the time of petition filed, and not in the court's custody at the time of the controversy, but in the actual possession of the bankrupt's brother under an adverse claim of ownership based upon conveyances made more than four months before the institution of the proceedings in bankruptcy. In order to set aside these conveyances and subject the property to the administration of the court of bankruptcy a plenary suit was necessary (*Babbitt* v. *Dutcher*, 216 U. S. 102, 113), and such was the nature of the one that was instituted.

Under the Bankruptcy Act of 1898 as originally passed, an independent suit of this character could not be brought in the District Court in bankruptcy "unless by consent of the proposed defendant." Act of July 1, 1898, c. 541, § 23b, 30 Stat. 544, 552; *Bardes* v. *Hawarden Bank*, 178 U. S. 524. Whether under the Act of February 5, 1903, c. 487, 32 Stat. 797, 798, 800, amending §§ 23b and 70e, a suit for the recovery of property fraudulently transferred by the bankrupt could be brought in a court of bankruptcy without the consent of defendant was a question left undetermined in *Harris* v. *First National Bank*, 216 U. S. 382, 385, but answered in the negative in *Wood* v. *Wilbert's Sons Co.*, 226 U. S. 384, 389. By Act of June 25, 1910, c. 412, § 7, 36 Stat. 838, 840, § 23b was further amended so as to confer jurisdiction upon the courts of bankruptcy without consent of the proposed defendant in suits for the recovery of property under § 70e. The present suit, being of this nature, might have been brought in the District Court; or

it might have been brought in a state court having concurrent jurisdiction under § 70e as amended.

We find nothing in the provisions of the Bankruptcy Act that makes it necessary or reasonable to extend the authority and jurisdiction of the referee beyond the ordinary administrative proceedings in bankruptcy and such controversial matters as arise therein and are in effect a part thereof, or to extend the authority of the referee under the general reference so as to include jurisdiction over an independent and plenary suit such as the one under consideration. The provisions of the act, as well as the title of his office, indicate that the referee is to exercise powers not equal to or coördinate with those of the court or judge, but subordinate thereto; and he becomes "the court" only by virtue of the order of reference. In the General Orders the word "proceedings" occurs frequently, but never in a sense to include a plenary suit. On the other hand, "proceedings in equity" and "proceedings at law" are specially dealt with in General Order XXXVII.

The practice is not uniform; we have found no decision by a Circuit Court of Appeals upon the point; and the decisions of the district courts are conflicting. A referee's opinion in *In re Murphy* (1900), 3 Am. Bank. Rep. 499, 505, upholds his jurisdiction over a plenary proceeding by the trustee to set aside a preferential transfer of property to a creditor. In *In re Shults & Mark* (referee's opinion), 11 Am. Bank. Rep. 690, a special form of reference having been adopted by the district court, it was held that jurisdiction was conferred upon the referee over proceedings under § 60b to recover property preferentially transferred and under § 67e to recover property fraudulently transferred. In *In re Steuer* (D. C. Mass.), 104 Fed. Rep. 976, 980, a plenary suit to avoid a preference was heard before the referee without objection, and upon petition to review his action the district court, with some hesitation, directed that a decree issue "as if made originally by the judge, and

not simply as an affirmance of the decree of the referee."
In *In re Scherber* (D. C. Mass.), 131 Fed. Rep. 121, 124, it
was found unnecessary to determine whether the referee
could proceed over objection to take jurisdiction of a
plenary suit to recover a preference. Views adverse to the
jurisdiction of the referee in an independent proceeding to
avoid a transfer were expressed in *In re Walsh Brothers*
(D. C. Ia.), 163 Fed. Rep. 352; *In re Carlile* (D. C. N.
Car.), 199 Fed. Rep. 612, 615–616; *In re Ballou* (D. C.
Ky.), 215 Fed. Rep. 810, 813, 814; and *In re Overholzer*
(referee's opinion), 23 Am. Bank. Rep. 10.

The point appears to have been overlooked in *Studley
v. Boylston National Bank*, 200 Fed. Rep. 249; 229 U. S.
523, 525, 526. Other cases cited throw no useful light upon
the question.

Reviewing the entire matter, we conclude that under the
language of the Bankruptcy Act and of the general orders
in bankruptcy a referee, by virtue of a general reference
under Order XII (1), has not jurisdiction over a plenary
suit in equity brought by the trustee in bankruptcy against
a third party to set aside a fraudulent transfer or convey-
ance under § 70e, and affecting property not in the custody
or control of the court of bankruptcy.

   *Decree of the Circuit Court of Appeals reversed, and decree
   of the District Court affirmed.*