## MITCHELL v. MITCHELL.

### No. 2645.

Circuit Court of Appeals, First Circuit.

May 31, 1932.

Harry J. Mitchell (of Jones, Nash & Birmingham), of Boston, Mass., for appellant.

Frederic Gilbert Bauer (of Fowler, Bauer & Kenney), of Boston, Mass., for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

Mary K. Hassen of Cohasset, Mass., was duly adjudged a bankrupt November 3, 1930, upon her voluntary petition filed that day, and the case, under the usual order authorized by general order XII (11 USCA § 53), was referred to a referee in bankruptcy. Harry J. Mitchell, having been appointed and qualified as trustee, on March 9, 1931, filed a petition for leave to sell at private sale "the bankrupt's right, title and interest" in a certain parcel of land situated on Elm street in Cohasset, Mass. After notice went out to creditors of the pendency of this petition, objections to the sale were filed by William C. Rogers as attorney of an unnamed creditor. A hearing on these objections was had on March 24, 1931, at which were present or represented the trustee, William C. Rogers and Morgan E. Ferris, the latter being the holder of a second mortgage upon the property. No evidence was presented, but it was agreed by counsel that the record title to the property was in one Annie F. Lanigan. The trustee stated that, in his opinion, the property was in the name of Annie F. Lanigan merely as a straw for the above-named bankrupt. At the time of the hearing Annie F. Lanigan was dead, and no one present represented her heirs or estate. An agreement, however, was entered into between the parties present concerning the foreclosure of the second mortgage and what was to be done with the proceeds over and above the mortgage debt, if any, which agreement was later reduced to writing and on that day executed by Ferris and the trustee, reading as follows:

"It is hereby stipulated and agreed by and between Harry Mitchell, trustee in bankruptcy of the estate of Mary K. Hassen, and Morgan E. Ferris as follows:

"1. The said Morgan E. Ferris shall foreclose his second mortgage on property situated on Elm Street, Cohasset, Massachusetts, known as Polly's Tea Room, retaining out of the proceeds of said sale the amount of said mortgage, interest, carrying charges, if any, charges of the foreclosure.

"2. The balance of the purchase price or proceeds of said foreclosure sale over and above the expenses and the amount of the mortgage debt, interest and charges as aforesaid, if any, shall be held by said Harry Mitchell, trustee in bankruptcy of said Mary K. Hassen, intact until a judicial determination of the ownership of the equity in said property.

"3. If the excess equity in the said property is judicially determined to belong to the heirs, representatives or assigns of Annie F. Lanigan, the sum turned over to Harry J.

Mitchell as Trustee in Bankruptcy of said Mary K. Hassen shall be turned back to the legal representatives of said Lanigan heirs. If the said equity shall be judicially determined to belong to said Mary K. Hassen the said money shall remain the property of the said Harry J. Mitchell as Trustee in Bankruptcy of the said Mary K. Hassen for distribution in accordance with the orders of the Referee in Bankruptcy."

The property was thereafter sold at foreclosure sale, and brought in excess of the mortgage debt $1,322, which was thereupon turned over to the trustee in bankruptcy, in accordance with the foregoing stipulation. No action was taken on the trustee's petition for leave to sell.

April 16, 1931, Christopher C. Mitchell, Jr., was appointed administrator of the estate of Annie F. Lanigan by the probate court for Suffolk county, Mass.

April 28, 1931, the trustee filed a petition asking that an order of notice issue for service on Christopher C. Mitchell, Jr., as administrator of the estate of Annie F. Lanigan, ordering him to appear and show cause as to why the money should not go to the estate of the bankrupt. May 7, 1931, Christopher C. Mitchell, Jr., as such administrator, filed a general appearance through his counsel, William C. Rogers.

The petition of April 28, 1931, was set for hearing on May 12, 1931. The trustee was present, but the administrator did not appear either in person or by counsel, and thereupon (May 12, 1931) the referee entered a decree in which he adjudged and found as a fact that the premises in question belonged to the bankrupt, although standing in the name of Annie F. Lanigan merely as a straw, and that the proceeds received from the sale of said property ($1,322) now in the hands and possession of Harry J. Mitchell, trustee in bankruptcy, was the property of the bankrupt estate, and that the administrator or heirs of Annie F. Lanigan had no right, title, or interest in the premises and none in the proceeds of the sale thereof.

May 18, 1931, the administrator filed a plea and answer in "which, among other things, he contested the jurisdiction of the referee over the subject-matter of the controversy." May 25, 1931, Rogers, as attorney for the administrator, filed a petition for rehearing. The referee set the administrator's petition down for hearing on June 9, 1931. Before the date of the hearing, William C. Rogers, on June 4, 1931, withdrew his appearance for the administrator, and Fowler,

Bauer & Kenney entered a special appearance for him; and the administrator, on that day, filed a motion to dismiss the trustee's petition of April 28, 1931, on the ground that it was prematurely brought under section 1, c. 197, of the General Laws of Massachusetts, which provides that an administrator is not liable in an action by creditors of the deceased for a term of six months after his appointment.

June 9, 1931, the referee vacated his decree of May 12, 1931, and a further hearing was had on the trustee's petition of April 28, 1931. The motion to dismiss was heard and denied. Evidence was presented on the merits of the case by the trustee, but no evidence was offered by the administrator. The trustee's evidence was to the effect that the deed of conveyance by the bankrupt to Annie F. Lanigan was made without her knowledge, and that, when making it, the bankrupt stated to the attorney preparing the same that she was doing so to avoid attachments; that, after the deed had been executed, the attorney told Annie F. Lanigan that such a deed had been drawn; that the attorney recorded the deed, but kept it in his possession, never delivering it to her. Two months after the alleged deed of January 20, 1930, was made, Annie F. Lanigan died (March 20, 1930).

On this evidence the referee found that the claim of the administrator was without any substance whatever and was merely colorable. He ruled that he had jurisdiction on three grounds: (1) Because the property in controversy was in the hands and possession of the trustee in bankruptcy; (2) because the claim of the adverse claimant was without any substance or merit whatever; and (3) because the administrator had submitted to the jurisdiction of the bankruptcy court by his general appearance on May 8, 1931. Having made this ruling, he, on June 18, 1931, re-entered his decree of May 12, 1931.

The facts and circumstances above set out are those embodied in the certificate of the referee, the first paragraph of which states: "I, Charles C. Cabot, the referee to whom this matter was referred, certify that during the course of the proceedings the following question arose which is hereby certified to the court for its opinion thereon."

June 26, 1931, the administrator filed a petition for review in which he set out that the referee erred in the decree of June 18, 1931, for the following reasons: (1) That the referee was without jurisdiction to hear and determine the subject-matter in question on a summary proceeding, as it was such as

to require a plenary suit; (2) that the referee had no right to hear the petition of April 28, 1931, on the ground that the trustee, as a creditor, had no right to bring suit against the administrator within six months of his appointment; (3) in ruling that the administrator's general appearance gave the referee jurisdiction; (4) in finding that the property belonged to the bankrupt, and the fund ($1,322) was in the hands and possession of the trustee; and (5) in finding that the administrator and the heirs had no title or interest in the property.

November 23, 1931, a hearing having been had before the District Court "upon the question certified to the court by the referee in said matter," the District Court entered a decree "that the order of the referee be and it hereby is overruled." It is from this decree that the present appeal is prosecuted.

The error assigned is that the court erred in ruling that the referee in bankruptcy had no jurisdiction of the matter set forth in his certificate.

It is contended on behalf of the appellee that the District Court in overruling the order of the referee did not do so on the ground that the referee was without jurisdiction of the matter involved in the petition of April 28, 1931. But we do not so regard the matter. The opening paragraph of the certificate shows that the referee certified a single question. In the body of his certificate he points out that the administrator filed a plea and answer in which, among other things, he contested the jurisdiction of the referee over the subject-matter of the controversy. And the certificate further shows that, having found the facts regarded as essential to a determination of the question of jurisdiction, to wit, that the fund ($1,322) was in the hands and possession of the trustee in bankruptcy when the petition was filed, that the claim of the administrator and the heirs was merely colorable, and that the administrator, in the first instance, had entered a general appearance in the proceedings, the referee ruled that by reason thereof he had jurisdiction over the subject-matter of the controversy. The record also shows that the court in overruling the order of the referee did so upon "the question certified to the court by the referee." We are therefore of the opinion that the real question certified and passed upon by the District Court was the question of jurisdiction.

It is well settled that, if the District Court, as a bankruptcy court, has actual or constructive possession of property, it has summary jurisdiction to try and determine the merits of adverse claims asserting a title to or an interest in such property. White v. Barnard (C. C. A.) 29 F.(2d) 510, 512; Boyle v. Gray (C. C. A.) 28 F.(2d) 7, 15; Taubel-Scott-Kitzmiller Co. v. Fox, 264 U. S. 426, 433, 44 S. Ct. 396, 68 L. Ed. 770.

And it is equally well settled that, if the bankruptcy court has jurisdiction on summary proceedings to determine a controversy, it is within the jurisdiction of the referee also to do so. Weidhorn v. Levy, 253 U. S. 268, 40 S. Ct. 534, 64 L. Ed. 898; Mueller v. Nugent, 184 U. S. 1, 13, 22 S. Ct. 269, 46 L. Ed. 405.

It being found that the trustee was in possession of the fund in question at the time the petition of April 28, 1931, was filed, the referee, as well as the District Court, sitting as a court of bankruptcy, had jurisdiction to determine the controversy raised by the petition, and this is true irrespective of the administrator's general appearance, if his general appearance amounted to consent. MacDonald v. Plymouth County Trust Co., 52 S. Ct. 505, 76 L. Ed. ——, decided May 16, 1932.

The referee, as well as the District Court, also had jurisdiction in a summary proceeding, he having found that the adverse claim of the administrator was merely colorable, to pass upon the merits and find, as he did, that the adverse claimant or claimants in fact had no right, title, or interest in the property or the proceeds thereof. See cases cited above.

If it be assumed that the District Court overruled the order of the referee either on the ground that the trustee did not have possession of the fund or that the claim of the administrator was not merely colorable, which is highly improbable, such action, if taken, in view of the evidence in the case, would have been clearly wrong, and the findings of the referee as to these particulars should be sustained.

There is no merit in the contention of the administrator that the trustee was a creditor of the estate and could not bring suit against the administrator within six months of his appointment, and therefore the referee had no right to hear the petition of April 28, 1931. The trustee in bringing the petition and summoning in the administrator did not do so as a creditor of the estate, but to give the administrator, if he desired, opportunity to assert a claim against the fund in the possession of the bankruptcy court.

The decree of the District Court is reversed, and the order or decree of the referee is affirmed, with costs in this court to the appellant.