**CHANDLER et al. v. PERRY.**

No. 7533.

Circuit Court of Appeals, Fifth Circuit.

Dec. 18, 1934.

John Sayles and J. M. Chandler, both of Dallas, Tex., for appellants.

Gordon Simpson, of Tyler, Tex., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

Perry, as trustee in bankruptcy of Martin, petitioned the referee to cite the appellants to set up their several claims to a gas and oil leasehold which he alleged was in his custody and control and actual possession, and prayed that the claims be disallowed and canceled, except Copeland's, and that it be declared a mortgage only. The referee granted the citation, but, instead of responding to it, the appellants each moved the judge to suppress the proceeding as being beyond the summary jurisdiction of the referee because they were entitled to a plenary suit and the attempted proceeding was really such, being either a suit at law to recover an interest in the lease in which a jury trial was due, or else a bill in equity to quiet title in which a trial before the chancellor should be had. The trustee answered the motions under oath, reasserting his exclusive possession of the property as that of the bankrupt, and the referee's duty and power to deal with it. The judge overruled the motions and directed the referee to take further steps conformably to law. Appeal was taken as from a proceeding in bankruptcy to review this ruling in matter of law. The questions raised are: May a court of bankruptcy by summary proceeding do what the trustee has asked? If so, may the referee exercise the jurisdiction?

A distinction must be observed between proceedings to obtain possession of property belonging to the estate and those whose object is to deal with property of the estate already in the possession of the court through its officers. As to the former, it is well settled that summary process may be used to obtain possession of all property of the bankrupt which was in the bankrupt's possession at the time the petition was filed or which was then held by others for him or by others under a merely pretended or colorable claim, or to recover possession of property which has been in the court's possession and has been wrongfully taken away. On the other hand, to recover property adversely held by a third person at the time the petition was filed, though under a title which is asserted to be fraudulent or otherwise void, or to recover a debt or other chose in action of which the court could not have actual possession, a plenary suit with the formality and delay incident to such whether at law or in equity must be resorted to. In all proceedings to recover the possession of property summarily there is preliminary jurisdiction to inquire into the nature of the defendant's possession and into any adverse claim so far as to see whether it is more than colorable. Mueller v. Nugent, 184 U. S. 1, 22 S. Ct. 269, 46 L. Ed. 405; Louisville Trust Co. v. Comingor, 184 U. S. 18, 22 S. Ct. 293, 46 L. Ed. 413; Weidhorn v. Levy, 253 U. S. 268, 40 S. Ct. 534, 64 L. Ed. 898; Taubel-Scott-Kitzmiller Co. v. Fox, 264 U. S. 426, 44 S. Ct. 396, 68 L. Ed. 770; Harrison, Trustee v. Chamberlin, 271 U. S. 191, 46 S. Ct. 467, 70 L. Ed. 897; MacDonald v. Plymouth County Trust Co., 286 U. S. 263, 52 S. Ct. 505, 76 L. Ed. 1093; Shea v. Lewis (C. C. A.) 206 F. 877; Autin v. Piske (C. C. A.) 24 F.(2d) 626.

The jurisdiction to dispose of property rightly in the court's actual or constructive possession, and as ancillary thereto to deal with all claims of title to or interest in or liens upon it, is much broader. It is not peculiar to courts of bankruptcy, but appertains to all courts having possession of property for disposition, and rests largely upon necessity, inasmuch as by a settled principle no other court is allowed to interfere with property thus in custodia legis. Murphy v. John Hofman Co., 211 U. S. 562, 29 S. Ct. 154, 53 L. Ed. 327; Taubel-Scott-Kitzmiller Co. v. Fox, 264 U. S. 426, 44 S. Ct. 396, 68 L. Ed. 770; Isaacs v. Hobbs Tie & T. Co., 282 U. S. 734, 51 S. Ct. 270, 75 L. Ed. 645; Whitney v. Wenman, 198 U. S. 539, 25 S. Ct. 778, 49 L. Ed. 1157. This ancillary jurisdiction in courts of bankruptcy is ordinarily exercised by summary process either on intervention by claimants asserting an interest, or as here by petition on the part of the trustee for a rule against such claimants. The fact that they assert an interest or title adverse to the

bankrupt does not require a plenary proceeding, although of course the court in its discretion might direct the trustee to resort to such. The necessity for prompt disposition of the bankrupt's property in possession of the court usually justifies summary proceedings. Autin v. Piske (C. C. A.) 24 F.(2d) 626. Since, however, this jurisdiction rests upon the court's possession of the res, the fact of its possession and sometimes the rightfulness of it may be questioned by the claimant who is impleaded without his consent. For example, a trustee or receiver in bankruptcy who ought to have brought a plenary suit to recover possession of property adversely held could not seize possession and then cite the claimant to a summary trial of his title. If an objecting claimant should show that the court in fact had not possession or had wrongfully gotten it, the court should not proceed. So if, on preliminary inquiry, it should clearly appear that the bankrupt had no title to or interest in the property, the court ought to surrender it.

In this record there is no question but that the bankrupt owned the lease originally, and at bankruptcy still owned some interest in it. The trustee asserts that he has actual possession of the leasehold estate and of a producing oil well on one lot of the leased land. No pleading or evidence contradicts this. It does not appear that he got possession irregularly, and wrong conduct is not to be presumed. Appellant Chandler in his motion to the judge claims to have some sort of deed from the bankrupt of record more than four months before the bankruptcy, but the deed is not in evidence, and we do not know what interest it purports to convey. He claims that it operated to make him a tenant in common with the bankrupt, whose possession was thus in behalf of all who had interests, but without the deed or any evidence as to what situation in fact existed at the bankruptcy or as to how the trustee came into exclusive possession it is impossible to say that the court is not rightfully in possession of the property and charged with the duty fully to dispose of it. Any proper question on these points can yet be pleaded and investigated in answer to the summary proceeding which has been instituted. The contentions with some of the other appellants seem not to involve adverse claims at all, but only liens or charges on the property which would naturally fall to the bankruptcy court to deal with. We must hold that so far as appears the bankruptcy court has rightful possession of the real property and jurisdiction to deal with all interests claimed in it or liens or charges on it, so as to dispose of it fully, and may do so summarily according to the usual practice in bankruptcy.

The referee is not the court of bankruptcy, but an officer of it. He has such powers as the act and the order of reference give him or as the judge specially delegates to him. Weidhorn v. Levy, 253 U. S. 268, 40 S. Ct. 534, 64 L. Ed. 898. These powers, however, are so broad that the act declares that in its provisions the word "court" may include the referee. Section 1 (7) of the act (11 USCA § 1 (7). MacDonald v. Plymouth County Trust Co., 286 U. S. 263, 52 S. Ct. 505, 76 L. Ed. 1093. In stating his jurisdiction the act, in section 38 (4) of the act (11 USCA § 66 (4), provides that he may "perform such part of the duties, except as to questions arising out of the applications of bankrupts for compositions or discharges, as are by this title conferred on courts of bankruptcy and as shall be prescribed by rules or orders of the courts of bankruptcy of their respective districts, except as herein otherwise provided." General Order 12 (1), 11 USCA § 53, provides that after the reference of a case to the referee the bankrupt shall attend before him and "thereafter all of the proceedings except such as are required by the Act or by these General Orders to be had before the judge shall be had before the referee." By paragraph (3), applications for discharge, to confirm a composition, or to stay proceedings by a court or officer of the United States or a state, are reserved to the judge, except as he may refer special issues about them. The sale of the property of the estate in the court's possession is a common function of the referee, and the ascertainment of claims to it and upon it is usually conducted before him as a necessary part of the sale of the property and administration of the proceeds. Where the bankruptcy court has jurisdiction to act summarily in these respects touching property in its possession, the referee may exercise that jurisdiction. We do not say that he can without consent make a formal decree of cancellation, or reformation, or specific performance, but that he can ascertain who owns the property and who will be entitled to its proceeds when sold. In Page v. Arkansas Natural Gas Corp. (C. C. A.) 53 F.(2d) 27, the referee ordered a conveyance and was sustained on the ground that the trustee had possession of the oil and gas leasehold involved, and also on the ground that the claimant had consented to the referee's jurisdiction. The Supreme Court sustained the or-

der on the ground of consent alone, intimating that otherwise a plenary suit is necessary to compel a conveyance. Id., 286 U. S. 269, 52 S. Ct. 507, 76 L. Ed. 1096. Here much of the relief prayed for can be had in the summary proceeding, and the judge did not err in directing the referee to proceed according to law.

Affirmed.