**CHARLES v. UNITED STATES.**

No. 43420.

Court of Claims.

Dec. 6, 1937.

Louis Cohen, of Washington, D. C., for plaintiff.

George H. Foster, of Washington, D. C., and James W. Morris, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

The question to be determined in this case is whether the income of a referee in bankruptcy arising out of fees paid to him for services in that capacity is subject to an income tax. The plaintiff contends that he is a judicial officer and that the provision of the Constitution (article 3, § 1) with reference to judges providing that their compensation shall not be diminished during their continuance in office renders illegal any tax imposed upon his compensation.

Conceding for the purpose of the argument that the taxation of plaintiff's compensation operates to diminish it, we do not think that he was one of the judges of the "inferior courts" whose compensation cannot, under the Constitution, be "diminished during their continuance in office." It is true that a referee in bankruptcy performs many judicial functions and in some respects acts as a judge, but, as said in Weidhorn v. Levy, 253 U.S. 268, 271, 40 S.Ct. 534, 535, 64 L.Ed. 898, "These provisions make it clear that the referee is not in any sense a separate court, nor endowed with any independent judicial authority, and is merely an officer of the court of bankruptcy, having no power except as conferred by the order of reference."

It is well settled that the mere performance of judicial duties is not a test of whether the officer is one whose compensation cannot be diminished under the provisions of the Constitution. See Williams v. United States, 289 U.S. 553, 53 S.Ct. 751, 77 L.Ed. 1372; O'Donoghue v. United States, 289 U.S. 516, 53 S.Ct. 740, 77 L.Ed. 1356. The plaintiff was not a judge of a court in the ordinary sense of the word, and there are other matters which, we think, make it clear that it was not intended that the constitutional provision should be applied to his office. The plaintiff was not appointed for life, but only for a short term. The compensation of a referee in bankruptcy is indefinite and based on the value of the funds coming into the jurisdiction of the bankruptcy court. The tax does not take away what has been given by the government, and in that respect is not similar to the tax considered in Evans v. Gore, 253 U.S. 245, 40 S.Ct. 550, 64 L.Ed. 887, 11 A.L.R. 519. Moreover, the Supreme Court has held in Williams v. United States, supra, that the provision of the Constitution now being considered applies only to what are termed judges of a "constitutional court," and without quoting from the decision in that case it is quite evident from what is said therein the office which plaintiff filled is not that of a judge of a constitutional court.

The prohibition against diminution of compensation was designed to provide an independent judiciary and for that purpose was coupled with life tenure, otherwise it would be of little effect. We are clear that it was not intended to apply to referees in bankruptcy. What we have said above makes it unnecessary to consider the other questions raised in the case.

The petition of plaintiff must be dismissed, and it is so ordered.