## In re TRAYLOR.
### No. 1770.

District Court, W. D. Kentucky, Owensboro.
May 31, 1939.

V. C. Fraser, of Providence, Ky., for trustee.

J. Wilbur Wade, of Bowling Green, Ky., for petitioners.

G. L. Withers, of Dixon, Ky., referee.

SWINFORD, District Judge.

The petition for review attacks certain orders of the referee on the ground that the bankruptcy court did not have jurisdiction to entertain the trustee's plenary suit to set aside certain conveyances of real estate made by the bankrupt in 1936, two years prior to the filing of the voluntary petition in bankruptcy.

The bankrupt's voluntary petition was filed on November 21, 1938. He was adjudged a bankrupt on November 22, 1938.

The trustee filed a petition on December 27, 1938, before the referee against Velma Traylor and O. F. Traylor, daughter and son of the bankrupt, in which he alleged that certain real estate which had belonged to the bankrupt was conveyed or caused to be conveyed to these children without consideration when the bankrupt was insolvent and knew himself to be insolvent and for the sole purpose of defrauding his creditors. These conveyances are alleged to have been made in 1935 and 1936.

The defendants, O. F. Traylor and Velma Traylor, without making the question of jurisdiction, appeared by counsel and filed their answers. Proof was heard and the referee set aside the conveyances and held that the bankrupt was owner of the property and that it should go into the hands of the trustee for the benefit of creditors. The children then employed other counsel and for the first time made the question that the bankruptcy court was without jurisdiction to entertain the proceeding and asked that the orders be set aside. Certain questions are now made that the children did not have proper representation, that the matters were handled by the referee in such a way that they entered their appearance without proper advice and consideration and without opportunity to present their case.

The record disclosed that O. F. Traylor and Velma Traylor are adults with good educations. Both school teachers and O. F. Traylor with an exceptionally fine education, holding several degrees from colleges and universities.

■ I feel that all matters of this kind are questions of fact which were properly determined by the referee and which findings should not be disturbed by this Court. Kowalsky v. American Employers Ins. Co., 6 Cir., 90 F.2d 476; In the matter of Eastern Oil Company, Bankrupt, 100 F.2d 341, 38 A.B.R.,N.S., 607; Autin v. Piske, 5 Cir., 24 F.2d 626.

■ The real question in this case is the question of jurisdiction. While the wording of the petition of the trustee is somewhat obscure it appears that he is seeking to set aside the conveyances of 1935 and 1936 under Section 1906 of Carroll's Kentucky Statutes, Baldwin's 1936 Revision.

This section provides: "Every gift, conveyance, assignment or transfer of, or charge upon, any estate, real or personal, or right or thing in action, or any rent or profit thereof, made with the intent to delay, hinder or defraud creditors, purchasers or other persons, and every bond, or other evidence of debt given, action commenced, or judgment suffered, with like intent, shall be void, as against such creditors, purchasers and other persons. This section shall not affect the title of a purchaser for valuable consideration, unless it appear that he had notice of the fraudulent intent of his immediate grantor or of the fraud rendering void the title of such grantor."

The Bankruptcy Act Sections 23a and 23b, 11 U.S.C.A. § 46 (a, b), provide: Sec. 23a—"The United States district courts shall have jurisdiction of all controversies at law and in equity, as distinguished from proceedings under this Act [title], between receivers and trustees as such and adverse claimants, concerning the property acquired or claimed by the receivers or trustees, in the same manner and to the same extent as though such proceedings had not been instituted and such controversies had been between the bankrupts and such adverse claimants." Sec. 23b—"Suits by the receiver and the trustee shall be brought or prosecuted only in the courts where the bankrupt might have brought or prosecuted them if proceedings under this Act [title] had not been instituted, unless by consent of the defendant, except as provided in sections 60, 607 [96, 107] and 70 [110] of this Act [title]."

Section 70e, 11 U.S.C.A. § 110(e), provides: "(1) A transfer made or suffered or obligation incurred by a debtor adjudged a bankrupt under this Act [title] which, under any Federal or State law applicable thereto, is fraudulent as against or voidable for any other reason by any creditor of the debtor, having a claim provable under this Act [title], shall be null and void as against the trustee of such debtor. (2) All property of the debtor affected by any such transfer shall be and remain a part of his assets and estate, discharged and released from such transfer and shall pass to, and every such transfer or obligation shall be avoided by, the trustee for the benefit of the estate. The trustee shall reclaim and recover such property or collect its value from and avoid such transfer or obligation against whomever it may hold or have received it, except a person as to whom the transfer or obliga-

tion specified in paragraph (1) of this subdivision e is valid under applicable Federal or State laws. (3) For the purpose of such recovery or of the avoidance of such transfer or obligation, where plenary proceedings are necessary, any State court which would have had jurisdiction if bankruptcy had not intervened and any court of bankruptcy shall have concurrent jurisdiction."

It would seem from these sections of the Bankruptcy Act that the trustee invoking the jurisdiction of the Bankruptcy Court under subsection (3) of Section 70e, with the consent of the parties as expressly provided by Section 23b, properly proceeded to set aside the transfer of the real estate under the applicable state law as permitted by section 1906 of Carroll's Kentucky Statutes.

The case of Weidhorn v. Levy, 253 U.S. 268, 40 S.Ct. 534, 64 L.Ed. 898, relied upon by counsel for the petitioners for review, is a clear and comprehensive opinion on the applicability of these statutes. In that case, however, it is expressly stated that the question of jurisdiction was preserved by timely objections and there was therefore no consent as in the instant case.

Let the petitions for review be dismissed and proper orders sustaining the orders of the referee be submitted.