## DONALD v. BANKERS LIFE CO.
### (two cases).
### Nos. 8957, 8960.

Circuit Court of Appeals, Fifth Circuit.

Nov. 28, 1939.

Rehearing Denied Jan. 15, 1940.

Geo. M. Hopkins, of Denton, Tex., for appellants.

Mack L. Vickrey, of Dallas, Tex., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

These appeals are from judgments confirming findings of the supervising conciliation commissioner and granting relief on the petitions of appellee to have the stay of foreclosure proceedings, granted to appellants in proceedings under Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, set aside as to property upon which appellee held certain liens. The principal objection raised on this appeal is that the petitions, being filed after the farmer-debtor proceedings had been referred to the conciliation commissioner, as referee, were referred to the supervising conciliation commissioner, it being the contention of appellants that jurisdiction to hear and determine the matters presented was vested exclusively in the conciliation commissioner, and that neither the judge nor the supervising conciliation commissioner had power to act thereon, except on petition for review.

Section 75 specifically provides that the conciliation commissioner shall exercise and perform the functions of a referee wherever necessary in a farmer-debtor proceeding referred to him. It also provides that the supervising conciliation commissioner shall have such supervisory functions as the court may specify by order. No attempt is made to specify or define the functions of either office in so far as they may relate to judicial matters arising in farmer-debtor proceedings. It is evident that Congress considered the nature and functions of the office of referee as so well established by the previous acts and the decisions thereunder that no further definition was required.

The office of referee, referred to in Section 75, was created by Section 33 of the Act of 1898, 11 U.S.C.A. § 61, and provisions for appointment, removal, tenure, and territorial limits of jurisdiction are made in Section 34 of the same act, 11 U.S.C.A. § 62. The next three sections of the act, 11 U.S.C.A. §§ 63–65, cover the

qualifications required of a referee, prescribe that he shall take the same oath as the judge, and, as to number, provide that so many be, appointed as are necessary to assist in expeditiously transacting the pending bankruptcy business. The next section (Section 38 of the Act, 11 U.S.C.A. § 66) must be read in connection with Section 22, 11 U.S.C.A. § 45, for a clear understanding of the office of referee as an officer authorized to perform judicial duties. Under Section 22, it is provided that the judge may cause the trustee to proceed with the administration of the estate, may refer the matter to a referee, generally or to act upon specified issues, or, for cause or convenience, may transfer a case from one referee to another. Section 38 prescribes the jurisdiction of the referee when acting under the order of reference, "subject always to a review by the judge" as provided therein. It will be noted that the primary power to proceed is vested in the judge of the bankruptcy court, and that no power vests in the referee other than by the entry of an order of reference, which, when general, may convey all of the powers of the judge not specifically reserved to him by the bankruptcy act. Any order less than a general reference is restricted as may be specifically provided therein. It will be noted from these and succeeding sections that other officials, such as clerks and marshals, are officers of the bankruptcy courts and perform their functions in aid of the matters handled by referees.

 The referee has been referred to as a quasi-judicial officer, as an administrative officer of the court exercising limited judicial functions, and as an officer of the court whose powers are partially ministerial, partially judicial, and partially executive. After his appointment and qualifications, he may perform no function except as authorized so to do by an order of reference, always to be construed under the terms of the bankruptcy act. Within this limited scope, his orders are only prima facie correct and binding, being subject to review, modification, and correction on timely petition to the judge. In the absence of review, and within the scope of his authority as vested in him by the order of reference, his acts become binding upon the parties, not because of any separate and distinct jurisdiction vested in him, but because his orders have become the final orders of the bankruptcy court, a court presided over by the judge, with a clerk,

marshal, and other officers, one of whom was the referee who entered the order. In no sense can it be said that the referee is a separate court or is endowed with any separate judicial authority. Weidhorn v. Levy, 253 U.S. 268, 40 S.Ct. 534, 64 L.Ed. 898, 45 A.B.R. 493.

It is evident that these principles govern in the interpretation of said Section 75. The fact that this section designates the conciliation commissioner as the referee in bankruptcy before whom the estate will be administered, if administration becomes necessary, neither invests that officer with any greater authority than is conferred upon the court, nor takes from the judge the primary control over the proceedings vested in him as its presiding officer, nor invests any power in the conciliation commissioner that may not be transferred to the supervising conciliation commissioner under the provision that the latter officer "shall have such supervisory functions under this section as the court may by order specify."

No error appearing on the record before us, the judgment of the district court is affirmed.