WARREN v. SECURITY–FIRST NAT. BANK OF LOS ANGELES et al.

No. 9727.

Circuit Court of Appeals, Ninth Circuit.

July 28, 1941.

---

Frank J. McCarthy and Elizabeth Hensel McCarthy, both of Los Angeles, Cal., for appellant.

Paul E. Iverson, of Los Angeles, Cal., for appellees.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

GARRECHT, Circuit Judge.

On April 19, 1940, appellant here, Blanche Augusta Warren, as petitioner under Chapter XII of the act of Congress relating to bankruptcy, 52 Stat. 840, 916, 11 U.S.C.A. § 801 et seq., filed her petition in the District Court of the United States for the Southern District of California, Central Division, alleging that she had pending an arrangement whereby her secured obligation to Security-First National Bank of Los Angeles, a national banking association, would be either paid in full or refinanced on terms satisfactory to such secured creditor.

The petitioner further alleged that said secured creditor, under deed of trust executed by petitioner, was about to sell certain described property, which, if carried out, would deprive petitioner of the benefit of the said Bankruptcy Act, to her great and irreparable loss and damage. A restraining order was prayed for.

The judge of said District Court on said April 19, 1940, entered his order restraining such sale. On the same day appellant's said petition under the Bankruptcy Act was approved, and the matter referred to one of the referees in bankruptcy of said court. In this order occurs the language: "that the said Blanche Augusta Warren * * * shall submit to such orders as may be made by said referee or by this Court relating to said matter."

On April 29, 1940, on application of Warren said temporary restraining order was continued, and it was further ordered that said Security-First National Bank and Los Angeles Trust & Safe Deposit Company each appear in court at 10 a.m. on the 6th day of May, 1940, to show cause why the restraining order referred to above should not be made permanent. On May 27, 1940, all of the parties hereto appeared in the District Court; they filed with the court an agreement dated on said date, executed by all the parties, which contained recitals in the nature of a stipulation. It stated that certain described properties were owned by appellant; that the Security-First National Bank held a deed of trust thereon to secure an unpaid debt of approximately $58,000, which was in default; that the trustee under said deed of trust had set a day for the sale of the premises; that Warren, appellant here, had filed a petition under the Bankruptcy Act and obtained a temporary restraining order against said sale under the trust deed, and that there was pending an order for said appellees to show cause why the restraining order should not be made permanent; that the appellee Bank had made a motion to dismiss said arrangement proceedings in bankruptcy and dissolve the said temporary restraining order, or in case the proceedings were not dismissed, to require Warren to post security to indemnify the Bank against loss.

The document recited that the parties hereto desire to dispose of Warren's order to show cause and the Bank's motions without the necessity of a hearing thereon and to agree upon an order to be made by the court. In this connection it was stipulated: "(d) That on or before August 15th,

1940, Warren will present to the Bank a written agreement executed by a financially responsible party, whereby said responsible party commits his or herself to pay the obligation to the Bank in full on or before November 15th, 1940. The Bank agrees not to hinder, delay, prevent or interfere with any prospective purchaser of this property, or to hinder, delay, prevent or interfere with such purchaser or responsible party from carrying out the written agreement hereinbefore referred to, or the payment of the obligation of Warren to the Bank; nothing herein stated shall interfere with the Bank's right to reject any such prospective purchaser as being not financially responsible. * * *"

It was further stipulated:

"That the said Court may make and enter its order dismissing said arrangement proceedings and authorizing the Bank and Trustee to hold said Trustee's sale prior to November 15, 1940, without any notice to any persons or parties, on the happening of any of the following events:

"1. If Warren fails to present to the Bank a written agreement, executed by a responsible party, on or before August 15, 1940, whereby said responsible party commits his or herself to pay in full the obligation to the Bank by November 15, 1940. * * *"

Upon the foregoing stipulations, the parties being present in open court, the court entered an order thereon containing among other things the following: "That on or before August 15th, 1940, Blanche Augusta Warren shall present to Security-First National Bank of Los Angeles a written agreement executed by a financially responsible party, whereby said responsible party commits his or herself to pay the obligation to said Bank in full on or before November 15th, 1940."

And said order embodied the following provisions:

"That this Court hereby retains jurisdiction to and shall make and enter an order dismissing this proceeding and authorizing the Security-First National Bank of Los Angeles and the Los Angeles Trust & Safe Deposit Company to hold said Trustee's sale and to exercise any and all rights and powers they have under the said deed of trust on said properties prior to November 15, 1940, without any notice to any persons or parties, on the filing of an affidavit showing the happening of any of the following events:

"(a) That Blanche Augusta Warren has failed to present to the Security-First National Bank of Los Angeles a written agreement, executed by a responsible party, on or before August 15, 1940, whereby said responsible party commits his or herself to pay in full the obligation to the said Bank by November 15, 1940; * * *."

On August 23, 1940, appellee Security-First National Bank filed the affidavit of its assistant secretary, alleging the non-compliance of appellant Warren with the stipulation and order aforesaid. Thereupon an order to show cause why the proceedings should not be dismissed and the trustee authorized to hold sale and exercise rights under the deed of trust was entered. In response thereto appellant Warren filed a motion to modify and extend the order of the court. On August 27th said parties appeared in court, and evidence, both oral and documentary, was submitted, and the court being fully advised entered the following order:

"1. That the above entitled proceedings are hereby dismissed.

"2. That the Security-First National Bank of Los Angeles and the Los Angeles Trust & Safe Deposit Company, or either of them, is hereby authorized to hold the Trustee's sale and to exercise any and all rights and powers they or either of them have under the deed of trust on the property hereinafter described, * * *."

This appeal is from this order.

The referee to whom the above-entitled matter was referred under the Bankruptcy Act, on May 24, 1940, made an order fixing the date of meeting of creditors, as required by Section 434 in proceedings under Chapter XII of said Act, 52 Stat. 840, 919, 11 U.S.C.A. § 834. It appears that from time to time orders were made by said referee continuing the time for said meeting of creditors. December 1, 1940, there was filed in the proceedings the certificate of said referee, to whom the matter had been originally referred, stating "that no claims in the above entitled matter were filed in the office of the undersigned in connection with the above entitled proceeding."

Appellant bases her appeal on two specifications of error: First, that the court erred in proceeding to hear and determine appellees' order to show cause why proceedings should not be dismissed, dated August 23, 1940; second, that the court erred in not ordering and transferring

said order to show cause to the referee in bankruptcy for hearing and determination by the referee.

In support of these specifications of error appellant argues that the District Court having referred the proceedings in this matter to the referee in bankruptcy under a general order of reference, the order to show cause as to dismissal of the proceedings should have been filed originally with the referee and heard and determined by him; that it was improper for the appellee Bank to file said order to show cause for hearing by the District Court itself in the first instance; that the court should have transferred the order for hearing and determination by the referee, leaving either party the right to have the decision of the referee reviewed by the District Court, and that it was error for the District Court to first hear and determine said order and to dismiss the proceedings.

The record shows that the order of April 29, 1940, extending and continuing the temporary restraining order and in which the court directed that notice be served on appellees to show cause why the restraining order should not be made permanent, was brought before the judge of the District Court on motion of the appellant, and this was after the order of reference had been made.

Further, the order of May 27, 1940, was entered by the judge of the District Court on the stipulation of the parties in open court. Appellant did not ask to have the same heard by the referee, or interpose any objection to the order being made and entered by the court. This order provided for the dismissal of the bankruptcy proceedings should appellant Warren fail to comply with certain stipulated conditions. On August 23, 1940, the Security-First National Bank presented its affidavit alleging failure of Warren to meet the required conditions. Thereupon the court entered its order for Warren to show cause why the application for dismissal should not be granted. Appellant did not at any time suggest that this matter be heard by the referee, but on the contrary, presented her motion and application addressed to the judge of the court, petitioning for a modification and extension of the terms and provisions of said order of May 27, 1940. The applications and motions of the respective parties came on for hearing before the court. No request was made to have the matters transferred to the referee for hearing. Appellant proceeded with the hearing without objection. Evidence was presented to the court, and the order of dismissal entered.

■■ Under a general order of reference in a bankruptcy proceeding the judge making such order is not divested of jurisdiction to hear any matter properly presented to him, even if the same matter might have been presented to the referee. The referee in bankruptcy is merely an officer of the bankruptcy court. In the case of Weidhorn v. Levy, 253 U.S. 268, at page 271, 40 S.Ct. 534, at page 535, 64 L.Ed. 898, in discussing the provisions of the Bankruptcy Act as relating to the general order of reference, the United States Supreme Court said: "These provisions make it clear that the referee is not in any sense a separate court, nor endowed with any independent judicial authority, and is merely an officer of the court of bankruptcy, having no power except as conferred by the order of reference—reading this, of course, in the light of the act; * * *."

In this same case at page 273 of 253 U.S., at page 536 of 40 S.Ct., 64 L.Ed. 898, the court further said: "We find nothing in the provisions of the Bankruptcy Act that makes it necessary or reasonable to extend the authority and jurisdiction of the referee beyond the ordinary administrative proceedings in bankruptcy and such controversial matters as arise therein and are in effect a part thereof * * *. The provisions of the act, as well as the title of his office, indicate that the referee is to exercise powers not equal to or co-ordinate with those of the court or judge, but subordinate thereto, * * *."

In Donald v. Bankers Life Co., 5 Cir., 107 F.2d 810, the court, at page 812, used this language:

"The referee has been referred to as a quasi-judicial officer, as an administrative officer of the court exercising limited judicial functions, and as an officer of the court whose powers are partially ministerial, partially judicial, and partially executive. * * * In no sense can it be said that the referee is a separate court or is endowed with any separate judicial authority. * * *

"The referee in bankruptcy before whom the estate will be administered, if administration becomes necessary, [is not invested] with any greater authority than is conferred upon the court, nor [does he take]

826

from the judge the primary control over the proceedings vested in him as its presiding officer, * * *."

■ While General Orders in Bankruptcy No. 12, 11 U.S.C.A. following section 53, provides that following a general reference "all the proceedings, except such as are required by the Act or by these general orders to be had before the judge, shall be had before the referee," this provision does not take from the judge authority to hear matters such as were the subject of controversy in this matter before the District Court. Petition of Baxter, 6 Cir., 269 F. 344; In re De Ran, 6 Cir., 260 F. 732.

■ Appellant made no objection to the judge hearing the applications and motions presented to him, nor was any motion made to have them referred to the referee. Indeed, appellant herself cited appellees to appear before the judge. If to hear these motions and applications by the judge rather than have them sent to the referee was error (which is not conceded), then such error was invited and acquiesced in by appellant, and she will not now be heard to complain.

Moreover, the order of reference does not require that all matters in the bankruptcy proceeding shall first be presented to the referee, or prevent the court from taking original action in the matters considered. Among other things, this order of reference recites: "It is thereupon ordered that said matter be referred to * * * one of the referees in bankruptcy of this Court * * *; that the said Blanche Augusta Warren * * * shall submit to such orders as may be made by said referee or by this Court relating to said matter."

Clearly, the court intended to, and did retain, power to act.

Affirmed.