KENNEDY, Circuit Judge:
 

 The question presented to us on this appeal is pertinent only to those reorganization cases governed by the bankruptcy statutes prior to the effective date of the Bankruptcy Reform Act of 1978, Pub.L.No.95— 598, 92 Stat. 2549 (1978) (codified at 11 U.S.C. §§ 101,
 
 et seq.).
 
 Our decision, therefore, may be of limited significance for future cases, but the issue of statutory interpretation presented appears to be one of first impression and by reason of its importance to the parties in the proceeding we think it appropriate to explain in detail the reasons for our holding. The sole issue is whether, under the Bankruptcy Act of 1938, a bankruptcy judge in a Chapter X bankruptcy proceeding has jurisdiction to hear a plenary action for negligence, breach of fiduciary duties, mismanagement, and waste brought by a Chapter X trustee where the defendants to the action file a timely objection to the jurisdiction of the bankruptcy referee.
 

 The district court held that the bankruptcy judge bad jurisdiction of the action despite the appellants’ objection, and this appeal is from its order denying a motion to withdraw reference of the case.
 
 In re Pacific Homes,
 
 456 F.Supp. 851 (C.D.Cal.1978). We reverse.
 

 The facts of the case are set forth in detail in the district court’s opinion.
 
 In re Pacific Homes,
 
 456 F.Supp. at 853-56. Briefly, the Pacific Homes Corporation (Pacific Homes) owns and operates convalescent and residential care facilities for senior citizens in California, Arizona, and Hawaii. Pacific Homes became financially distressed and, in February 1977, filed a Chapter XI bankruptcy petition. The matter was referred to a bankruptcy judge, and after further consideration it was converted into a Chapter X reorganization proceeding.
 

 On April 27, 1978, the trustee filed a “Complaint for Negligence, Breach of Fiduciary Duties, Mismanagement, Waste, and Declaratory Relief (Indemnity)” against the United Methodist Church, the General Council of Finance and Administration of
 
 *1255
 
 the United Methodist Church, the General Board of Global Ministries of the United Methodist Church, the Health and Welfare Division of the Board of Global Ministries of the United Methodist Church, the Pacific Southwest Annual Conference of the United Methodist Church, and 87 individuals who had served as officers, directors, or agents of Pacific Homes. The complaint seeks damages in excess of fifty million dollars.
 

 On May 1, 1978, the district court referred the trustee’s complaint to the bankruptcy judge presiding in the Chapter X proceeding. The district court certified its order denying the motion to withdraw the order of reference and we granted permission for an interlocutory appeal under 28 U.S.C. § 1292(b) (1976).
 

 It is beyond dispute that under the Bankruptcy Act of 1938, the bankruptcy judge may not hear a plenary action in a straight bankruptcy proceeding without the consent of the defendants.
 
 MacDonald v. Plymouth County Trust Co.,
 
 286 U.S. 263, 52 S.Ct. 505, 76 L.Ed. 1093 (1932);
 
 Weidhorn
 
 v.
 
 Levy,
 
 253 U.S. 268, 40 S.Ct. 534, 64 L.Ed. 898 (1920);
 
 Bel Marin Keys Comm. Serv. Dist. v. Bel-Marin Enterprises,
 
 582 F.2d 477 (9th Cir. 1978),
 
 cert. denied,
 
 440 U.S. 914, 99 S.Ct. 1230, 59 L.Ed.2d 464 (1979);
 
 Goggin v. Consolidated Liquidating Corp.,
 
 190 F.2d 553 (9th Cir. 1951) (per curiam). The district court held that this rule does not apply to Chapter X proceedings because of their special and distinctive character. We disagree.
 

 In
 
 Weidhorn,
 
 after a general reference to a referee, the trustee in a straight bankruptcy proceeding brought a plenary action before the referee to set aside a fraudulent conveyance. The defendants objected to the jurisdiction of the referee because the suit was a plenary action. The Supreme Court held that the referee did not have jurisdiction, relying, in part, on section 38 of the Bankruptcy Act of 1898, which provided:
 

 Referees respectively are hereby invested, subject always to review by the judge, within the limits of their districts as established from time to time, with jurisdiction to . (4) perform such part of the duties, except as to questions arising out of the applications of bankrupts for compositions or discharges, as are by this act conferred on courts of bankruptcy, and as shall be prescribed by rules and orders of the courts of bankruptcy of their respective districts, except as herein otherwise provided.
 

 Bankruptcy Act of 1898, § 38, 30 Stat. 555 (1898).
 

 The Supreme Court remarked that section 38 made clear that a referee is “not in any sense a separate court, nor endowed with any independent judicial authority” and had “no power except as conferred by the order of reference.” 253 U.S. at 271, 40 S.Ct. at 535. The Court concluded:
 

 We find nothing in the provisions of the Bankruptcy Act that makes it necessary or reasonable to extend the authority and jurisdiction of the referee beyond the ordinary administrative proceedings in bankruptcy and such controversial matters as arise therein and are in effect a part thereof, or to extend the authority of the referee under the general reference so as to include jurisdiction over an independent and plenary suit such as the one under consideration. The provisions of the act, as well as the title of his office, indicate that the referee is to exercise powers not equal to or co-ordinate with those of the court or judge, but subordinate thereto .
 

 253 U.S. at 273, 40 S.Ct. at 536.
 

 In the case before us, the district court held that
 
 Weidhorn’s
 
 interpretation of section 38 is not dispositive because
 
 Weidhorn
 
 involved a straight bankruptcy proceeding whereas this case involves a Chapter X reorganization proceeding.
 
 [1]
 
 The dis
 
 *1256
 
 trict court also noted that
 
 Weidhorn
 
 was decided before the enactment of Chapter X.
 
 In re Pacific Homes,
 
 456 F.Supp. at 859. We note, however, that section 102 of the Bankruptcy Act of 1938, 11 U:S.C. § 502 (1976), incorporates section 38 into Chapter X.
 
 [2]
 
 We do not believe that Congress would have incorporated section 38 into Chapter X if it intended the referee to have broader jurisdiction in a Chapter X proceeding than in a straight bankruptcy proceeding. We conclude, therefore, that under the law pri- or to the Bankruptcy Act of 1978 a bankruptcy judge in a Chapter X reorganization proceeding, as in a straight bankruptcy proceeding, does not havé jurisdiction to hear a plenary action where the defendants to the action file a timely objection to the referee’s jurisdiction.
 

 The trustee contends that section 117 of the Bankruptcy Act of 1938,11 U.S.C. § 517 (1976), enables the referee in a Chapter X proceeding to hear a plenary action without the defendant’s consent. Section 117 provides:
 

 The judge may, at any stage of a proceeding under this Chapter, refer the proceeding to a referee in bankruptcy to hear and determine any and all matters not reserved to the judge by the provisions Qf this chapter, or to a referee as a special master, to hear and report generally or upon special matters.
 

 11 U.S.C. § 517 (1976). The trustee argues that the complaint is a “proceeding under this chapter,” and that no other provision of Chapter X reserves it to the district judge. The trustee’s sole authority for the proposition that “proceeding” as used in section 117 includes a plenary action is a footnote in
 
 Williams v. Austrian,
 
 331 U.S. 642, 658-59 n.42, 67 S.Ct. 1443, 91 L.Ed. 1718 (1947). Because
 
 Williams
 
 involved the jurisdiction of the district court to hear a plenary action, not the jurisdiction of the referee to hear one, and because the footnote does not even refer to section 117 specifically, we believe the case does not support the trustee’s argument. Even if the trustee is correct, his argument establishes only that the district judge may, in the first instance, refer the complaint to the bankruptcy judge, not that the bankruptcy judge has jurisdiction to hear the action over the defendant’s objections.
 

 The trustee also argues that the bankruptcy judge has jurisdiction under section 115 of the Bankruptcy Act of 1938, 11 U.S.C. § 515 (1976), which provides as follows:
 

 Upon the approval of a petition, the court shall have and may, in addition to the jurisdiction, powers, and duties here-inabove and elsewhere in this chapter conferred and imposed upon it, exercise all the powers, not inconsistent with the provisions of this chapter, which a court of the United States would have if it had appointed a receiver in equity of the property of the debtor on the ground of insolvency or inability to meet its debts as they mature.
 

 11 U.S.C. § 515 (1767). We do not read section 115 as expanding the bankruptcy judge’s jurisdiction beyond the limits set forth in § 38. Furthermore, we know of no case in which a court has used section 115 as a jurisdictional basis in a case similar to this one.
 

 Thus, we find ourselves in agreement with
 
 Collier on Bankruptcy
 
 which states that in Chapter X cases, the judge of the reorganization court may, at any stage of the proceedings, refer the proceeding to a referee, but
 

 as in ordinary bankruptcy, the referee is without power to hear the issues involved in a plenary suit where timely objection is
 
 *1257
 
 made; consequently he may not, without consent, determine substantial adverse claims to property in the possession of third persons claiming more than a color-able interest therein.
 

 6 Collier on Bankruptcy ¶ 3.13 at 506 (14th ed. 1978).
 

 Our holding is consistent with
 
 Morrison v. Rocco
 
 Perrera
 
 & Co.,
 
 554 F.2d 290, 297 (6th Cir.),
 
 cert. denied,
 
 434 U.S. 925, 98 S.Ct. 405, 54 L.Ed.2d 283 (1977), which held that the bankruptcy judge in a Chapter X proceeding had jurisdiction to hear a plenary action because the defendants did not file a timely objection, but implied that if the defendants had made a timely objection, the bankruptcy judge would not have had jurisdiction. In
 
 Morrison,
 
 the court held that despite a transition from Chapter X to a straight bankruptcy, a proceeding was continuous and unitary. This concept would be disrupted if, for straight bankruptcy and Chapter X, different rules applied respecting the jurisdiction of the bankruptcy judge over plenary proceedings.
 

 A further important policy consideration supports our conclusion. Before the Bankruptcy Reform Act of 1978, the bankruptcy judge was intimately involved with the administrative steps in reorganization of the bankruptcy estate.
 
 See
 
 1 Collier on Bankruptcy ¶ 6.01 (15th ed. 1979). The nature of the bankruptcy judge’s administrative duties under that statute encouraged ex parte contact with the trustee and created the opportunity for gaining independent factual knowledge of the suit. Furthermore, the bankruptcy judges frequently appointed the trustees who appeared as litigants before them. These factors might have created the appearance of prejudice in favor of the estate, if not actual prejudice. By contrast, we note that the Bankruptcy Reform Act of 1978, while granting the bankruptcy judge’s jurisdiction to hear a plenary action over the defendant’s objection,
 
 see
 
 28 U.S.C. §§ 1471
 
 et seq.,
 
 lessens the bankruptcy judge’s involvement with the reorganization and the appointment of the trustee, and provides for more rigorous appellate procedure.
 
 See
 
 28 U.S.C. §§ 151,
 
 et seq.\
 
 28 U.S.C. §§ 581,
 
 et seq.;
 
 Collier on Bankruptcy ¶ 6.02 (15th ed. 1979). These differences between the Bankruptcy Reform Act of 1978 and the previous statutory scheme support our holding that the plenary jurisdiction of the bankruptcy judge is more limited under the latter. We hold that, under the previous law, plenary actions brought by the trustee in a reorganization proceeding must be heard by a district judge unless the defendants consent to the jurisdiction of the bankruptcy judge.
 

 The order of the district court which referred the complaint to the bankruptcy judge is REVERSED.
 

 [1]
 

 . Although § 38 was amended after the
 
 Weid-horn
 
 decision, the amendment gave no additional power to the referee over plenary suits. section 38, as amended by the Bankruptcy Act of 1938, provides in relevant part:
 

 Referees are hereby invested, subject always to a review by the judge, with jurisdic
 
 *1256
 
 tion to . (6) perform such of the duties as are by this Act conferred on courts of bankruptcy, including those incidental to ancillary jurisdiction, and as shall be prescribed by rules or orders of the courts of bankruptcy of their respective districts, except as herein otherwise provided.
 

 11 U.S.C. § 66 (1976).
 

 [2]
 

 . Section 102 provides in relevant part:
 

 The provisions of chapters I to VII, inclusive, of this Act shall, insofar as they are not inconsistent or in conflict with the provisions of this chapter, apply in proceedings under this chapter.
 

 11 U.S.C. § 502 (1976).