RECONSTRUCTION FINANCE CORPO-
RATION, a United States Corpo-
ration, Plaintiff,

v.

JACKSONVILLE BLOW PIPE COM-
PANY, a Florida Corporation,
Defendant.

Civ. A. 562.

United States District Court
N. D. Florida, Tallahassee Division.

Aug. 2, 1956.

Gray C. Ramsaur and Fleming, Scott & Botts, Jacksonville, Fla., for plaintiff.

W. J. Oven, Jr., Tallahassee, Fla., for defendant.

DE VANE, Chief Judge.

This suit arises out of the bankruptcy case of Parker Manufacturing Company, originally filed in this Court on January 2, 1953. A clear understanding of the issue in this case requires a brief review of the bankruptcy case.

The administration of the estate of Parker Manufacturing Company was a "headache" from beginning to end, due to the fact that the Bankruptcy Act, 11 U.S.C.A. § 1 et seq. makes no provision for administration expenses in a "No Assets" bankruptcy case. The Parker Manufacturing Company turned out to be such a case.

This company was Incorporated in 1950, constructed a new plant and began operations about January 1, 1952. The total assets of the bankrupt estate as shown on the books of the company was $201,985.92, and its schedule filed in the case on January 30, 1953, revealed a total indebtedness of $191,670.14. Every asset of the corporation was encumbered and the secured claims totalled $91,828.-33. Unsecured claims aggregated in excess of $95,000. With total assets of more than $200,000 the trustee believed that some money could be realized for the unsecured creditors if the property was all sold as a unit, free and clear of all encumbrances. At the time there were a number of prospective purchasers evidencing considerable interest in the acquisition of the property. The trustee, therefore, secured permission of this Court and authority from the Referee,

to sell all the assets of the company, with a few exceptions not important to mention here, free and clear of all liens and encumbrances.

The Referee's order directing the sale was entered on May 20, 1953, and the sale was to take place on June 17, 1953. On June 5, 1953 the defendant in this case filed with the Referee in Bankruptcy a petition to have the claim it held against the bankrupt in the sum of $550 determined to be a secured claim and the same to be paid in full, or the property be returned to the petitioner. On June 16, 1953 the Referee entered an order on said petition directing the trustee to surrender to petitioner the described property subject to Retention Title Agreement, or that the trustee pay to the petitioner the principal sum of $550 plus interest to the date of filing of the involuntary bankruptcy petition. The property covered by this petition cost several times the balance due, was an integral part of the plant to be offered for sale on the following day, and believing the plant would bring sufficient money to pay off this claim, the trustee went ahead and sold this property along with all the other property, free and clear of encumbrances. The property was sold for $49,100, which was much less than the claim of the largest secured creditor of the bankrupt. This creditor became the purchaser of the property and was, therefore, not required to pay any money to the trustee on account of its bid.

On June 20, 1953 the trustee filed with the Referee a Notice of Appeal from the Referee's order, holding that the Jacksonville Blow Pipe Company held a valid Retention of Title Agreement for the property it had sold to the bankrupt. The Retention of Title Agreement had not been recorded as required by Florida law, but for some reason not explained in the record the trustee abandoned the appeal and the question was never brought to the attention of the Court.

On November 5, 1953 the trustee conveyed to Reconstruction Finance Corporation, the successful bidder at the sale, all property offered for sale on June 17, 1953, which included the property upon which plaintiff in this case claimed a Retention of Title Agreement.

On December 2, 1953 the trustee delivered to the attorney for Jacksonville Blow Pipe Company a letter authorizing the company to remove the property. The purchaser at the trustee's sale would not permit its removal. Nothing further whatever was done in connection with this small claim until the Jacksonville Blow Pipe Company instituted a suit in the Circuit Court of Leon County, Florida, for the replevin of the property then in the hands of third parties through purchase from the Reconstruction Finance Corporation.

This suit is in the nature of a complaint for a Declaratory Judgment and for an Injunction prohibiting the Jacksonville Blow Pipe Company from prosecuting the State Court action. The case is at issue and is before the Court on a motion for Summary Judgment.

The Reconstruction Finance Corporation has made numerous efforts to pay the Jacksonville Blow Pipe Company the balance due it on this property, but the offers have been persistently and continuously declined. The sole question before the Court in the case is whether Title 28 U.S.C.A. § 2283 vests in this Court authority to enjoin the State action. Counsel for defendant contending that the Court is without jurisdiction to enjoin the State action relies upon the many cases decided by various Federal Courts prior to the Amendment of this Section in 1948. Counsel for defendant vigorously argues that Toucey v. New York Life Ins. Co., 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100, and the many similar earlier decisions of the Federal Courts of the United States are controlling in this matter.

Counsel for plaintiff point to the Amendment of this Section in 1948, stressing the fact that the amendment grew out of the decision of the Supreme Court in the Toucey case and that none of the authorities cited by counsel for defendant are controlling in this case. Counsel for plaintiff cites and relies heav-

ily upon the decision of the Supreme Court of the United States in Amalgamated C. W. of A. v. Richman Brothers, 348 U.S. 511, 75 S.Ct. 452, 99 L.Ed. 600.

The Court is of the firm opinion that under Section 2283, as it now exists, authority resides in this Court to stay proceedings in a State Court in aid of its jurisdiction and to protect and effectuate its judgments in a bankruptcy case. That is precisely what this Court is asked to do in this case. This Court by its Order approved the sale of this property to Reconstruction Finance Corporation free and clear of all encumbrances, and the purchaser has the right to call upon this Court to protect and effectuate its judgment.

Reconstruction Finance Corporation is, of course, liable to comply with the terms and conditions of the Referee's order as to the payment of $550 plus interest, and this it has offered to do. This requirement may be met by plaintiff depositing in the Registry of this Court the amount specified in the Referee's order and when this has been done a permanent injunction will be issued out of this Court enjoining further prosecution of the State action here sought to be enjoined.