**In the Matter of Mike ABRAHAM, Bankrupt.**

**Joseph R. ABRAHAM, L. W. Tate, and Thomas R. Hartnett, III, Respondents-Appellants,**

v.

**William J. ROCHELLE, Jr., Trustee, Petitioner-Appellee.**

**No. 27451.**

United States Court of Appeals
Fifth Circuit.

Jan. 19, 1970.

C. Sidney McClain, Dallas, Tex., for respondents-appellants.

W. Madden Hill, Ungerman, Hill, Ungerman & Angrist, Dallas, Tex., for petitioner-appellee.

Before THORNBERRY, GODBOLD and MORGAN, Circuit Judges.

GODBOLD, Circuit Judge:

The Referee in Bankruptcy authorized and directed the trustee in bankruptcy to sell seventeen vacant urban real estate lots as part of the assets of the bankrupt estate of Mike Abraham. He enjoined the prosecution of a Texas state court suit in which Joseph R. Abraham, brother of the bankrupt, and L. W. Tate, a business associate of the bankrupt, sought to enforce against the lots the lien of a judgment obtained by them in the Texas state courts. Thomas R. Hartnett, III, attorney for Joseph R. Abraham and Tate in the state courts, was made a party to the injunction.

On petition for review the District Judge affirmed the order of the Referee and adopted his findings and conclusions. This appeal ensued, by Joseph R. Abraham, Tate and Hartnett.

There are two central issues: whether the Bankruptcy Court could act pursuant to its summary jurisdiction, and whether its conclusions were reversibly erroneous. Determination of these questions settles a third issue, whether the courts of the State of Texas had exclusive jurisdiction over the lots so as to exclude the Bankruptcy Court from jurisdiction over them or to prevent the Bankruptcy Court from determining its own jurisdiction.

Where the bankruptcy court seeks to exercise its summary powers, as opposed to an independent plenary suit in the district court, e. g., 2 Collier Bankruptcy, ¶ 23.03, the bankruptcy court itself has power to decide whether or not the actual or constructive possession exists that is the basis of its summary jurisdiction.

As every court must have power to determine, in the first instance, whether it has jurisdiction to proceed, the bankruptcy court has, in every case, jurisdiction to determine whether it has possession actual or constructive. It may conclude, where it lacks actual possession, that the physical possession held by some other persons is of such a nature that the property is constructively within the possession of the court.

Taubel-Scott-Kitzmiller Co., Inc., v. Fox, 264 U.S. 426, 433, 44 S.Ct. 396, 399, 68 L.Ed. 770, 774 (1924).

The power of the bankruptcy court is carefully described in In re American Fidelity Corp., Ltd., 28 F.Supp. 462 at 467 (S.D.Cal.1939):

The bankruptcy court has summary jurisdiction to determine claims against, title to, and liens upon property in the actual or constructive possession of the bankruptcy court by and through its officers, such as receivers and trustees, and by and through the bankrupt himself, whether that possession existed at the commencement of the bankruptcy proceeding or arose subsequently. This jurisdiction cannot be disturbed by the processes of other courts. All property in the actual or constructive possession of the bankrupt, in which he claims an interest, passes upon the filing of the petition in bankruptcy, into the custody of the bankruptcy court. To protect its jurisdiction from interference, that court may issue an injunction and determine, preliminarily, all questions concerning possession; and, for that purpose, may even go into the merits of the controversy to determine whether or no the bank-

**228**

ruptcy court has acquired possession, actual or constructive. [Citations omitted]

\* \* \* \* \* \*

Where, however, the property in controversy was in the actual or constructive possession of a third person at the time of the commencement of the bankruptcy, which third person asserts a substantial and not merely a colorable adverse claim (even though such claim may possibly be fraudulent), the bankruptcy court does not have summary jurisdiction unless the adverse claimant consents thereto. In re Cadillac Brewing Co., 6 Cir., 102 F.2d 369. In these circumstances, any claim to the property by the receiver or trustee in bankruptcy must be decided in a plenary suit in a court of competent jurisdiction—state or federal. [Citations omitted]

See also, Chandler v. Perry, 74 F.2d 371 (5th Cir. 1934).

The findings of the referee, when adopted by the district court, are to be set aside by us only if plainly erroneous. In the Matter of Mobilift Equipment of Florida, Inc., Bankrupt, 415 F.2d 841 [5th Cir. Sept. 5, 1969]; Bazemore v. Stehling, 396 F.2d 701 (5th Cir. 1968). The findings of the Referee that the Bankruptcy Court was in possession of the property, that the property had been surrendered or turned over to the Bankruptcy Court, that jurisdiction of the Bankruptcy Court over the property had been consented to or acquiesced in, and that the claim of appellants is an effort by improper methods to wrest from the Bankruptcy Court property over which it has authority and power, all are adequately supported by evidence. These factual determinations having been made, the contention of appellants that the state courts had prior jurisdiction over the res collapses. The Bankruptcy Court, having the initial and prevailing jurisdiction, was entitled to enter an injunction to protect against a foreclosure proceeding in another court and efforts in another court to deprive the Bankruptcy Court of its jurisdiction. Jacksonville Blow Pipe Co. v. Reconstruction Finance Corp., 244 F.2d 394 (5th Cir. 1957); 1 Collier, Bankruptcy, ¶ 2.62. Such an injunction, directed to prosecution of a case in state court, is not prohibited by 28 U.S.C. § 2283. *Jacksonville Blow Pipe Co., supra.*

Affirmed.