In the Matter of **LAGUNA LAKE MOBILE HOME PARK**, a co-partnership, **Laguna Lake Shopping Center**, a co-partnership, **Laguna Lake Golf Center**, a co-partnership, and **Los Osos Hills Investment**, a co-partnership, Debtors, Petitioners, Appellants.

**N A A EMPLOYEES FEDERAL CREDIT UNION**, Respondent, Appellee.

No. 24450.

United States Court of Appeals, Ninth Circuit.

Feb. 24, 1971.

Malcolm G. Smith (argued), of Kindel & Anderson, Los Angeles, Cal., W. A. McGugin, Fresno, Cal., for debtors, petitioners, appellants.

Frank Christl (argued), Richard S. Berger, of Gendel, Raskoff, Shapiro & Quittner, Ben H. Rudnick, of Behrstock & Rudnick, Los Angeles, Cal., for respondent, appellee.

Before MERRILL, CARTER and KILKENNY, Circuit Judges.

MERRILL, Circuit Judge:

Appellants are partnerships that have petitioned for an arrangement under Chapter XI of the Bankruptcy Act. They had borrowed money from appellee for the purposes of acquiring land near San Luis Obispo, California, and constructing improvements, including a shopping center, a mobile home park and a golf course thereon. The loans were secured by deeds of trust on the property, and foreclosure sales were pending when the petitions for arrangement were filed.

With the court's approval, the parties entered into a settlement agreement by which appellee agreed, on certain conditions, to extend further financial aid. Appellants failed to meet the conditions, but negotiations continued in an effort to find other bases for settlement. During the course of these negotiations foreclosure sales on the property of appellants were had, and the property was acquired by appellee. No further agreement was reached.

Appellants then filed a petition to declare the foreclosure sales void. They contended that appellee was estopped to assert the failure of appellants to meet the conditions imposed in the settlement agreement because of various misrepresentations on which appellants had relied. The individual partners of appellants also brought suit in state court against appellee and its officers, seeking money damages for fraud. Appellee sought an injunction from the Bankruptcy Court restraining plaintiffs from continuing the state action.

The referee denied appellants' petition to declare the foreclosure sales void and granted an injunction against continuation of the state action. The District Court, on review, affirmed the referee's actions, and this appeal followed.

█ Respecting the denial of their petition, appellants contend that the findings of fact of the referee were not adequate to provide a basis for review. We disagree. The fact finder need not enumerate all the minutiae in the evidence; it is enough that the findings are sufficiently explicit to provide the reviewing court with a clear understanding of the basis for the decision. *E. g.,* Fluor Corp. v. United States ex rel. Mosher Steel Co., 405 F.2d 823, 828 (9th Cir.), cert. denied, Union Tank Car Co.

v. United States ex rel. Mosher Steel Co., 394 U.S. 1014, 89 S.Ct. 1632, 23 L. Ed.2d 40 (1969) ; Irish v. United States, 225 F.2d 3 (9th Cir. 1955).

 Here the findings were explicit with reference to all questions of appellee's alleged fraud or misrepresentation, and completely foreclose any conclusion that appellee was estopped to assert breach of the settlement agreement.

Respecting the injunction against continuation of the state court action, appellants challenge the jurisdiction of the Bankruptcy Court upon various grounds.

 1. They contend that the Bankruptcy Court lacked subject-matter jurisdiction over the state causes of action; that those causes of action did not accrue or vest in appellants until after the filing of the Chapter XI petition. We disagree. The causes of action related to property held by the appellants as debtors in possession and to alleged injury which, if suffered by them, they suffered as debtors in possession. Appellants' position with reference to such choses in action was analogous to that of a trustee, *cf.*, United States v. Nicholas, 346 F.2d 32 (5th Cir.), modified, 384 U. S. 678, 86 S.Ct. 1674, 16 L.Ed.2d 853 (1965) ; and the property was clearly within the jurisdiction of the Bankruptcy Court. *Cf.* Schmidt v. Esquire, 210 F.2d 908 (7th Cir.), cert. denied, Schmidt v. Crowell-Collier Publishing Co., 348 U.S. 819, 75 S.Ct. 31, 99 L.Ed. 646 (1954).

 2. Appellants contend that the referee lacked jurisdiction over the persons of the individual plaintiffs in the state action, since they sued there as individuals while the Chapter XI petitioners were the partnership entities. We find no merit in this effort to distinguish the business interests of the partners from those of their partnerships. Furthermore, were the distinction sound it would follow that these partnership-appellants are not aggrieved and have no standing to seek review. ·

 3. Appellants contend that appellee had no standing in the Bankruptcy Court to seek the injunction since, having foreclosed, it had no interest in the estate before the Bankruptcy Court and cannot show that the state action threatened it with irreparable injury. However, appellee clearly had an interest in opposing the petition to declare the foreclosure sales void and in preventing the continuance of state court action that presented identical issues and could impede or embarrass the Bankruptcy Court in its proceedings with reference to the property involved. Even in absence of a threat of irreparable injury, these circumstances justified issuance of the injunction. *See, e. g.,* Holmes v. Rowe, 97 F.2d 537 (9th Cir. 1936); In Re Abraham, 421 F.2d 226 (5th Cir. 1970).

Judgment affirmed.