**In the Matter of The SEEBURG CORPORATION, Debtor.**

**The SEEBURG CORPORATION et al., Plaintiffs,**

v.

**NATIONAL LABOR RELATIONS BOARD, Defendant.**

**Bankruptcy Nos. 79B39597, 80C4624.**

United States District Court, N. D. Illinois, E. D.

Nov. 13, 1980.

Joseph L. Matz, Schwartz, Cooper, Kolb & Gaynor, Chicago, Ill., for plaintiffs.

Aileen A. Armstrong, National Labor Relations Bd., Asst. Gen. Counsel, Washington, D. C., Donald J. Crawford, Acting Regional Director, Chicago, Ill., for defendants.

MEMORANDUM OPINION AND ORDER

BERNARD M. DECKER, District Judge.

On February 8, 1980, the trustee in bankruptcy for Seeburg Corporation, acting on the authorization of the bankruptcy judge, discharged certain of Seeburg's employees and terminated certain of its operations. In so doing, the trustee allegedly failed to notify and negotiate with the collective bargaining representative of the terminated

employees. The NLRB has charged that this conduct violated sections 8(a)(1) and 8(a)(5) of the National Labor Relations Act. 29 U.S.C. §§ 158(a)(1), 158(a)(5). A hearing on these charges was set before the National Labor Relations Board for September 15, 1980. On July 9, 1980, the bankrupt company, the trustee, and the creditors committee all requested that the bankruptcy court enjoin the Board proceedings. At a hearing before the bankruptcy judge held on July 25, the Board reduced its proof of claim against the company from $142,000 to $55,000. With the bankruptcy judge's approval, the company and its purchaser in liquidation agreed to set aside $49,000 of the estate's assets should a finding of backpay liability ultimately be made. The purchaser agreed to commit to cover the remaining $6,000 of potential liability. Accordingly, the motion for a stay of the NLRB proceedings was granted at that time.

On July 28, 1980, the bankruptcy judge entered a memorandum opinion, 5 B.R. 364, affirming his oral order and stating that he, rather than the Board, would adjudicate the unfair labor practice charge. A hearing date was set for September 23. On August 4, 1980, the Board filed an emergency petition seeking to stay the bankruptcy court's hearing. At the same time, the Board filed its appeal from the bankruptcy judge's order. Both motions were docketed on August 29, and, on September 10, this court stayed both the unfair labor practice proceeding before the bankruptcy court, and the unfair labor practice proceeding before the National Labor Relations Board. Briefing on the appeal having been recently completed, the merits of this case are now ripe for disposition.

The Seventh Circuit has recently and expressly held that proceedings of the National Labor Relations Board are not automatically stayed by a bankruptcy filing. *In the Matter of Shippers Interstate Service, Inc.*, 618 F.2d 9 (7th Cir. 1980). The court so held primarily on the basis of the strong public policies favoring exclusive disposition of substantive labor law questions by the NLRB.

In asserting his jurisdiction in this matter, the bankruptcy judge distinguished *Shippers* on the basis of that case's closing paragraph:

"On balance, we agree with *Bel Air* [*In re Bel Air Chateau Hospital, Inc.*, 9th Cir., 611 F.2d 1248] that '[i]f regulatory proceedings threaten the assets of the estate, the decision to issue a stay can then be made on a discretionary basis. . . . But where, as here, it appears that the assets of the estate are not threatened and the company is being reorganized rather than liquidated . . . regulatory proceedings of the National Labor Relations Board are not subject to the automatic stay provisions of . . . [the Bankruptcy Act] . . . This does not preclude imposition of a stay where a proper showing was made that the regulatory proceedings threatened the estate assets or that the bankruptcy or other proceedings would result in the liquidation of the company." *Shippers, supra*, 618 F.2d at 13.

The bankruptcy judge below reasoned that any backpay award to issue from the NLRB action would have priority over other claims on the bankrupt's assets because it would arise from the court's administration of the bankrupt's estates. This, the court concluded, would constitute a "threat" to the estate within the meaning of the *Shippers* decision. The judge also concluded that, since virtually all of the assets of the bankrupt are going to be sold to a third party, this bankruptcy is more in the nature of a liquidation than a reorganization.

Regardless of the priority that the unfair labor practice claims may have, the transcript of the July 25 hearing plainly reveals that the company, its purchaser, and the bankruptcy judge have already approved a reorganization plan which includes a provision setting aside the full potential backpay claim. Accordingly, the court finds it difficult to understand the sense in which a Board finding of backpay liability will materially threaten the estate's assets.

Problems also arise with the bankruptcy judge's conclusion that this is really a liquidation proceeding. *Shippers* distinguishes

between reorganizations and liquidations on the grounds that a reorganized corporation may be subject to liability under the NLRA as a successor of the equity which originally went bankrupt. The court emphasized that, under such circumstances, the underlying unfair labor practice charge and the question of successorship both implicate significant labor law issues that should be left to the Board's superior expertise. The liquidation case was distinguished on the grounds that no possible successor entity exists in that situation, thus mooting all of the potential labor law problems. *Shippers*, 618 F.2d at 12. In this case, virtually all of the bankrupt's assets are being sold to a single entity which is making the purchase with full knowledge of the pendency of the unfair labor practice charges and which agreed to terms of sale that also accommodate the possibility of a backpay assessment. Under these circumstances, the Board might well conclude that the purchaser could be held liable under the NLRA as the bankrupt's successor. *See, e. g., Golden State Bottling v. NLRB*, 414 U.S. 168, 94 S.Ct. 414, 38 L.Ed.2d 388 (1973). The likelihood that the successorship doctrine might apply here seems to implicate the policies which the Seventh Circuit has deemed dispositive in the reorganization context. Accordingly, the rule developed in the reorganization cases would seem applicable to the July 28 stay.

For all of the above reasons, the court concludes that the NLRB's appeal is well taken. The bankruptcy judge's order staying the Board's unfair labor practice proceeding is hereby vacated. The bankruptcy judge is hereby ordered to refrain from hearing the unfair labor practice charges.