In the Matter of PRESCOTT COLLEGE, an Arizona Non-Profit Corporation, Bankrupt.

G. Eugene ISAAK and Prescott College, Inc., an Arizona Non-Profit Corporation, Plaintiffs-Petitioners,

v.

COUNTY OF YAVAPAI, a Political Subdivision of the State of Arizona, John Does I–IX, and XYZ Corporations I–V, Defendants-Respondents.

No. CIV 80–955.

United States District Court, D. Arizona.

March 16, 1981.

Treon, Warnicke & Roush, P. A., Phoenix, Ariz., for plaintiffs-petitioners.

Robert C. Moore, Phoenix, Ariz., for the Seidemans.

Carl H. Coad, Deputy County Atty., Prescott, Ariz., for defendants-respondents.

## OPINION AND ORDER

CARROLL, District Judge.

Yavapai County, a political subdivision of the State of Arizona, appeals from a judgment entered on October 4, 1980, by the Bankruptcy Court below denying the County's motion for a new trial. Such motion followed an order entered May 12, 1980, by the bankruptcy judge granting Prescott College, Inc.'s and G. Eugene Isaak's, as Trustee for Prescott College Mortgage Trust (hereafter Appellee-Prescott College, Inc.), petition to enjoin Yavapai County from enforcing certain tax liens on property sold to Appellee-Prescott College, Inc., by the bankruptcy trustee free and clear of tax liens.

The petition for bankruptcy in this case was filed prior to the effective date of the Bankruptcy Reform Act of 1978, Pub.L.No. 95–598, 92 Stat. 2549 (codified at 11 U.S.C. §§ 101, et seq. (Supp. III 1979)). Accordingly, this matter is governed by the Bankruptcy Act of 1898, 30 Stat. 544, as amended by the Act of June 22, 1938, 52 Stat. 840.

## I. FACTS

Prescott College operated an educational institution in Yavapai County, Arizona up until January 31, 1975, when it filed a petition for bankruptcy. Prior to such time, the College's real property, except for Par-

cel 106–03–004X (hereafter Parcel 4X), was used for educational purposes and therefore, was exempt from taxes pursuant to state law. Parcel 4X was not subject to this exemption and was taxed in 1975 and prior years.

In 1976, all of the Prescott College land went back on the tax rolls, over the objections of the trustee in bankruptcy. The trustee was of the opinion that until such time as the College was adjudged bankrupt the College's non-profit tax exempt status remained intact. Such objections concerning the validity of the County's tax liens were made known to Yavapai County prior to the sale of the property herein disputed.

On September 23, 1976, in response to an offer made by Appellee-Prescott College, Inc., to purchase the assets of Prescott College, the bankruptcy judge sent out a Notice of Hearing on Confirmation of Sale in accordance with Rule 203, Bankruptcy Rules of Procedure. The notice provided that a creditors meeting would be held on October 8, 1976, for the purpose of passing upon such offer and outlined the terms and conditions of the offer. Yavapai County admits that they received this Notice, made no objections thereto and did not file a proof of claim for the tax liens.

Following a hearing on the proposed sale, the bankruptcy judge entered an order confirming the sale on October 19, 1976. The Order did not provide as a condition of sale for the payment of the taxes at issue, nor did it provide for the transfer of the tax liens to the sale proceeds. The Order did provide that:

\* \* \* \* \* \*

6. The Trustee will execute all necessary documents to transfer to the buyer his right, title and interest in the Prescott College campus and personal property located thereon, *subject only* to the first

lien of the Prescott Mortgage Trust, except as to the rights of H.E.W. established in Paragraphs # 3 and # 4 above. (emphasis added) \* \* \*

It was not until February 26, 1979, that the property sale was finalized by way of a trustee's deed to Appellee-Prescott College, Inc. Such deed states that the transfer was "free of all liens and encumbrances".

Due to non-payment, Yavapai County foreclosed in February of 1977 on the 1975 taxes assessed against Parcel 4X and issued a Tax Certificate for 1975 to George and Susan Seideman. Thereafter, the Seidemans paid the 1976 taxes due on Parcel 4X and received an additional tax certificate for that year. Additionally, the County foreclosed in February of 1978 on the 1976 taxes owed on certain other parcels formerly known as Prescott College and assigned Tax Certificates to the purchasers, including the State of Arizona.

As a result of the foreclosure sales, Appellee-Prescott College, Inc., brought an action in the bankruptcy court for declaratory and injunctive relief. Specifically, Appellee-Prescott College, Inc., prayed that the bankruptcy court (a) declare the subject property to have been sold free and clear of all liens, including tax liens, (b) that an injunction issue requiring Yavapai County to execute and deliver releases from any clouds on Appellee-Prescott College, Inc.'s title by reason of such tax liens and such tax sales and restraining the County from taking any action in derogation of Appellee-Prescott College, Inc.'s title to the bankrupt property.[1]

The County argued that (a) the bankruptcy court did not have jurisdiction to hear a dispute between a lien claimant and a purchaser of bankrupt property, (b) the sale was not intended to have been a sale free of

---

1. As tax certificate holders, the Seidemans filed a motion on September 30, 1980, seeking the permission of the bankruptcy court to answer or in the alternative to intervene. The motion was denied on October 7, 1980, and the Seidemans filed a timely notice of appeal.

On appeal and after oral argument was heard, the Seidemans and Appellee-Prescott

College, Inc., submitted a stipulation advising the Court that a settlement had been reached with respect to the issues pending on appeal. Accordingly, the Court entered an order on February 26, 1981, dismissing the appeal filed by the Seidemans.

tax liens, and (c) even if the sale were to have been a sale free and clear of liens, the failure to follow procedures as required by Rule 701, *et seq.*, Bankruptcy Rules of Procedure, voided the condition as to the tax liens.

The bankruptcy court's order of May 12, 1980, (a) upheld its jurisdiction to clarify and protect the confirming order of October 19, 1976, (b) interpreted the October 1976 sale to have been free and clear of all liens including any tax liens, and (c) held that the failure to follow the procedures outlined in Rule 701, *et seq.*, did not invalidate the condition as to the County's liens where no objection to such sale had been filed. Accordingly, the injunctive relief sought by Appellee-Prescott College, Inc., was granted.

On May 22, 1980, Yavapai County moved for a new trial. Such motion was denied on October 4, 1980. Yavapai County appealed.

## II. *ISSUES*

The questions presented by Yavapai County may be summarized as follows:

1. Whether a bankruptcy court has continuing jurisdiction over property after a confirmation order to review and clarify proceedings held before the bankruptcy court and to prevent the circumvention of its prior orders.

2. Whether there is sufficient evidence in the record to support a finding that the October 1976, sale was intended to be a sale made free and clear of all liens.

3. Whether the Bankruptcy Rules of Procedure, Rule 701, et seq., require an adversary proceeding to be initiated when there is a sale free and clear of liens if after notice, the affected party fails to object to such sale or to the failure to follow the Rules of Procedure.

4. Whether the failure to file a proof of claim would nevertheless preclude the County from pursuing the real property in the event the October 1976, sale was found to have been conducted in violation of the County's due process rights.

5. Whether the bankruptcy court erred in denying the County's motion for a new trial.

For the reasons which follow, the Order of the bankruptcy court Judge is affirmed.

■ It is noted at this juncture, that Yavapai County also argues that in the event the Court determines that the October 1976, sale was indeed a sale made free and clear of its tax liens, the Court should then determine the County's right to recover from the Trustee or his bondsman the amount of such tax liens. This issue, however, is not properly before the Court. Neither the Trustee nor his bondsman are parties to this appeal.

■ Furthermore, the bankruptcy court dismissed a third party complaint filed by the County against the Trustee, such dismissal was predicated upon the County's failure to seek the necessary leave of court to file such a complaint. In order to properly pursue this issue, the County need only seek such permission from the bankruptcy court. *Vass v. Conron Bros. Co.*, 59 F.2d 969 (2d Cir. 1932).

### A. *Scope of the Bankruptcy Court's Jurisdiction*

■ The County argues that the bankruptcy court did not have jurisdiction over the dispute since the dispute was between a lien claimant and a purchaser of bankrupt property and followed an order of the bankruptcy court confirming the sale of the property.

■ That the bankruptcy court has jurisdiction to clarify and review prior proceedings and to prevent the circumvention of prior orders concerning a confirmed sale of the bankrupt's real property is evident. *In re Pioneer Oil & Gas*, 279 F.Supp. 242 (D.La.1968); *see also Reconstruction Finance Corporation v. Jacksonville Blow Pipe, Co.*, 143 F.Supp. 601 (D.Fla.1956), aff'd. 244 F.2d 394 (5th Cir. 1957).

Even assuming that the October 1976, sale might ultimately have been determined by the bankruptcy court to have been made subject to the County's liens, thus eliminat-

ing the necessity to protect the integrity of the October 19, 1976, order, the court would still have had jurisdiction to "resolve the arguable ambiguity" of its prior order. *In re Pioneer Oil & Gas*, 279 F.Supp. at 247.

It is equally clear that upon such resolution and clarification the Court had the power to take whatever steps were necessary to protect its previous order. Such steps may include an injunction against a third party. *In re Laguna Lake Mobile Home Park*, 439 F.2d 4, 6 (9th Cir. 1971); *In re Maryland Coal Co. of West Virginia*, 36 F.Supp. 142, 146 (D.Pa.1941). Accordingly, the bankruptcy court's assertion of jurisdiction over the dispute on these grounds was proper.

B. *The October 1976 Sale of the Prescott College Campus*

The County asserts two arguments with respect to the October 1976, sale of the Prescott College campus. First the County argues that there was not sufficient evidence in the record to support the bankruptcy court's finding that the sale had been intended to have been made free and clear of liens including tax liens.

In this regard, the Ninth Circuit has held that the findings of a bankruptcy judge may be reversed only when such findings are clearly erroneous; that is, the court

must be left with the definite and firm conviction that a mistake has been committed. *Kentile Floor, Inc. v. Winham*, 440 F.2d 1128 (9th Cir. 1971). Furthermore, the *Winham* court stated that in order to make such determination, the entire record should be reviewed to determine whether a mistake has been made. *Id.* at 1130. The task of the fact finder, however, is not to

... enumerate all the minutiae in the evidence; it is enough that the findings are sufficiently explicit to provide the reviewing court with a clear understanding of the basis for the decision.

*In Re Laguna Lake Mobile Home Park*, 439 F.2d at 4.

■ In the present case, the bankruptcy court held that the October 1976, sale of the defunct college property was intended to have been made free and clear of liens, including tax liens. After a complete review of the record, this court cannot say that the bankruptcy court's finding is "clearly erroneous".

The record reveals that on September 23, 1976, a Notice of Hearing on Confirmation of Sale was sent to the creditors.[2] Yavapai County admits that they received this Notice, and made no objections to either the sale provisions or the procedures employed for the conduct of the sale. The notice provided that:

\* \* \* \* \* \*

---

2. The Notice in its entirety is as follows:

NOTICE IS HEREBY GIVEN THAT:

(X) A meeting of creditors of the above-named bankrupt, will be held to pass upon the offer of purchase of the assets of Prescott College by the Prescott College Mortgage Trust. The meeting will be held at the U. S. POST OFFICE BUILDING, COURTROOM # 206, in the City of PRESCOTT, State of ARIZONA, on the 8th day of October, 1976, at 10:00 o'clock A.M. An outline of the offer made by the Prescott College Mortgage Trust to the Trustee is as follows:

A. $23,500.00 for the purpose of paying the balance of priority wage claimants.

B. $125,000.00 to the estate as consideration for the transfer by the Trustee of all right, title, and interest he has in the assets of Prescott College, including any and all claims he has for surcharge against the Prescott College Mortgage Trust.

C. The transfer of any rights and defenses the Trustee may have as to the outstanding HEW claims.

D. A transfer of all funds held by the Trustee to the Prescott College Mortgage Trust which could be considered as HEW Trust funds in the approximate amount of $74,000.00.

E. The Court to retain jurisdiction of the estate pending the resolution of HEW claims by the Prescott College Mortgage Trust.

F. The Trustee in the estate would have no obligation to satisfy the $3,000,000.00 first mortgage with continuing interest costs.

G. The Prescott College Mortgage Trust unsecured claim of $1,446,412.00 would not share in the proceeds of the sale.

H. The Trustee execute a release in favor of the Mortgage Trust and its beneficiaries for all claims of any and every kind whatsoever.

Dated at Phoenix, Arizona
Sep. 23 1976

H. The Trustee execute (sic) a release in favor of the Mortgage Trust [purchasers] and its beneficiaries for all claims of any and every kind whatsoever.

While arguably ambiguous, the notice nevertheless is subject to the reasonable interpretation that the transfer of title was to be free of liens.

Additionally, the language contained in the October 19, 1976, order confirming the sale provides further evidence that the sale was intended to be made free of liens. The order provides specifically that title to the campus was to pass to the purchasers "subject only to the first lien of the Prescott Mortgage Trust, except as to the rights of H.E.W. established in Paragraphs # 3 and # 4 above."

Accordingly, I conclude that the record supports the finding of the bankruptcy court that the October 1976, sale was made free of liens, including tax liens.

■ The second argument presented by the County with respect to the October 1976, sale concerns the apparent failure to comply with Rule 701, *et seq.*, Bankruptcy Rules of Procedure, which governs sales made free of liens. The county argues that assuming the sale was intended to have been made free and clear of liens, the failure to follow such procedures, nevertheless, precludes the enforcement of such a condition on their tax liens.

The bankruptcy rules provide for an adversary proceeding, to be commenced by the filing of a complaint and followed by service of process and notice of trial or pretrial conference any time bankrupt property is to be sold free and clear of liens. Specifically, Rule 701 provides:

> The rules of this Part VII govern any proceeding instituted by a party before a bankruptcy judge to * * * (3) sell property free of a lien or other interest for which the holder can be compelled to take a money satisfaction, * * *. Such a proceeding shall be known as an adversary proceeding.

Rule 703 and Rule 704 provide that an adversary proceeding is commenced by the filing of a complaint with the court and service of summons respectively. As the County points out, the record is devoid of any evidence of compliance with such procedures.

■ The Court agrees with the County that a sale of property free and clear of liens requires an adversary proceeding in accordance with Rule 701, *et seq.* However, such requirement is not absolute.

The Ninth Circuit has held that generally, the failure to object to known irregularities of a bankruptcy sale estops a party from complaining of such irregularities later. *In Re Jacobson*, 4 F.2d 211 (9th Cir. 1925). In the instant case, the September 23, 1976, notice has been held sufficient to advise the County that the sale was to be free and clear of liens. The County having received such notice was thus charged with the duty to object to the failure to comply with the procedures outlined in Rule 701, *et seq.* The County admits that it made no such objection. Accordingly, Yavapai County is estopped from asserting the argument that the sale was conducted improperly. *See also Plimpton v. Mattakeunk Cabin Colony*, 9 F.Supp. 288, 305 (D.Conn.1934).

### C. *Effect of Yavapai County's Failure to File a Proof of Claim*

■ The County argues that the May 12, 1980, order affirms the Appellee-Prescott College, Inc.'s position that the County had to file a creditors claim to protect its tax liens, arguing that unless the order was grounded on this basis, the order would otherwise be violative of the notice requirement found in the Due Process Clause. The County then argues that the only reason for a secured creditor to file a claim in bankruptcy is to collect a deficiency, citing Collier, *Bankruptcy*, 14th Ed. § 57.07(3.3).

In that this Court has held that the September 23, 1976, notice was sufficient under the due process clause to put the County on notice that the sale was free of liens, the May 12, 1980, order is not violative of the due process clause. Accordingly, the Court need not address the issue of whether the County was required to file a claim in the bankruptcy court for its tax liens.

### D. *Denial of Motion for a New Trial*

Yavapai County argues that the bankruptcy court erred in its denial of the County's motion for a new trial. Based upon the above discussion, the Court can find no error in the bankruptcy court's decision.

### ORDER

This matter is before the Court for review of the Order entered by the Bankruptcy Court Judge in the above entitled proceeding on October 4, 1980.

The Court has reviewed the record, the briefs and relevant documents filed by the parties and has considered the argument of counsel. The Court finds that the disposition of this matter by the Bankruptcy Court Judge must be upheld.

Accordingly,

IT IS ORDERED that the October 4, 1980, Order denying Yavapai County's Motion for a New Trial is affirmed.