In re CEDAR VALLEY BANDAG, INC.

Howard W. JONES, Trustee, Plaintiff,

v.

COMMERCIAL NATIONAL BANK, Richard Errol Watson, Bandag, Inc., and First National Bank of Polk County, Defendants.

Bankruptcy No. B79–490R.

United States Bankruptcy Court,
N. D. Georgia,
Rome Division.

April 14, 1981.

Howard W. Jones, Calhoun, Ga., for plaintiff.

James D. Maddox, Smith, Shaw, Maddox, Davidson & Graham, Rome, Ga., for Bandag, Inc.

HUGH ROBINSON, Bankruptcy Judge.

## ORDER

The plaintiff's motion for leave to file a second amended complaint brought the matter involved herein before the Court. Upon consideration of the motion, the briefs of the parties and the pleadings on file, the Court makes the following decision.

## FINDINGS OF FACT

Cedar Valley Bandag, Inc., ("Cedar Valley"), filed a voluntary petition under Chapter VII of the Bankruptcy Act on September 29, 1979. The trustee in bankruptcy, Howard W. Jones, ("Plaintiff"), filed a "Complaint to Determine Liens and Sell Property" on October 31, 1979. Plaintiff seeks to sell certain equipment owned by the debtor. The named defendants claim liens on various items of property sought to be sold.

Plaintiff's complaint was first amended on December 17, 1979 to add a separate count against defendant Richard Errol Watson. On July 9, 1980 Plaintiff filed a motion for leave to file a second amended complaint which was subsequently withdrawn. Thereafter a second motion for leave to file a second amended complaint was filed by Plaintiff. This motion requests leave to add three counts to the complaint which assert various antitrust claims against defendant Bandag, Inc., ("Bandag").

Proposed Count III alleges that Bandag, Inc. restrained trade and competition in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1 by coercing Cedar Valley into purchasing supplies and equipment from Bandag. It is alleged in proposed Count IV that Bandag engaged in price discrimination among its franchisees in violation of Section 2(a) of the Robinson-Patman Act, 15 U.S.C. § 13(a). Proposed Count V asserts that Bandag entered into a contract, combination or conspiracy with certain of its franchisees to fix prices at which tread rubber is sold to the remaining franchisees in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. By order entered July 25, 1980 Plaintiff's proposed amendment was allowed subject to objection.

On August 1, 1980 Bandag filed a motion to vacate the Order of July 25, 1980. Bandag contends that it was not given an opportunity to file objections to Plaintiff's motion to amend prior to the granting of that motion. It is also alleged that the amended complaint fails to state a claim upon which relief can be granted. Finally, it is asserted that the Court does not have jurisdiction to hear the antitrust claims of Plaintiff.

## APPLICABLE LAW

As the Court finds that this matter can be resolved on jurisdictional grounds, Bandag's objections to jurisdiction will be addressed first. It is Bandag's position that this Court does not have jurisdiction to hear Plaintiff's antitrust claims for the reason that these claims cannot be dealt with by summary proceedings.

Summary proceedings are authorized in bankruptcy proceedings, but they are limited in application and scope. *Jackson v. Sports Company of Texas, Inc.*, 278 F.2d 716 (5th Cir. 1960). Under the Bankruptcy Act, a bankruptcy court has jurisdiction to adjudicate summarily the rights and claims to property which is in the actual or constructive possession of the court. *In re Airmotive Suppliers, Inc.*, 519 F.2d 1102 (5th Cir. 1975); *In re Abraham*, 421 F.2d 226 (5th Cir. 1970); *Chandler v. Perry*, 74 F.2d 371 (5th Cir. 1934). But if at the time the bankruptcy petition is filed, the property is in possession of a third person who asserts a substantial and not merely colorable claim adverse to the trustee, the bankruptcy court does not have summary jurisdiction to adjudicate the claims to the property absent the third person's consent. Section 23(b) of the Bankruptcy Act, 11 U.S.C.

**38**

§ 46(b); *In re Airmotive Suppliers, Inc., supra.* Consent to jurisdiction may be inferred only when the actions of the adverse party reflect a clear manifestation that he is submitting a particular issue to the court for judicial determination. *Gill v. Phillips* 337 F.2d 258 (5th Cir. 1964).

 The property involved in the instant case is a chose in action. Where the bankrupt remains the legal owner of a chose in action up to the time of the filing of a bankruptcy petition, the bankruptcy court acquires constructive possession thereof and may summarily adjudicate the claims of various parties to the chose in action. 2 *Collier on Bankruptcy* (14th Edition) ¶ 23.-05[4], p. 489, *Harold Morrison v. Rocco Ferrera & Co., Inc.,* 1 BCD 1714 (1975, B.C.E.D. Mich.). However, this Court has not been requested to determine the validity of various claims to Cedar Valley's chose in action. The plaintiff herein is seeking to enforce Cedar Valley's antitrust claims against Bandag.

Although it has been held that constructive possession of a chose in action gives the bankruptcy court jurisdiction to enforce the rights thereunder, *Harold Morrison v. Rocco Ferrera & Co., Inc., supra.,* the great weight of authority supports the rule that the rights of a claimant incident to its chose in action may not be enforced through summary proceedings in the bankruptcy court. *Duda v. Sterling Manufacturing Co.,* 178 F.2d 428 (8th Cir. 1949); *In re Joslyn's Estate,* 168 F.2d 803 (7th Cir. 1948); *In re Standard Gas & Electric Co.,* 119 F.2d 658 (3rd Cir. 1941); *Morrison v. Bay Parkway National Bank,* 60 F.2d 41 (2d Cir. 1932); *In re Roman,* 23 F.2d 556 (2d Cir. 1928); *In re Jaymee Industries, Inc.,* 1 BCD 1541 (1975, B.C.S.D.N.Y.); 2 *Collier on Bankruptcy* (14th Edition) ¶ 23.05, p. 492. This Court accepts the majority rule and determines that it does not have jurisdiction to entertain Plaintiff's antitrust claims. The complex nature of these claims render them particularly unsuitable for resolution by summary proceedings. Furthermore there is nothing in the record from which this Court may infer that Bandag has consented to the jurisdiction of this Court for the purpose of determining the merits of Plaintiff's antitrust claims. Accordingly, the Court concludes that Bandag's motion to vacate is meritorious and should be granted.

## CONCLUSIONS OF LAW

1. This Court does not have summary jurisdiction over the antitrust claims of Plaintiff. It is therefore

ORDERED that Bandag's motion to vacate this Court's Order entered July 25, 1980 shall be and same is hereby granted; and it is further

ORDERED that Plaintiff's proposed amendment to the original complaint which adds three counts asserting antitrust claims against Bandag shall not be allowed.