FAIRCHILD, Senior Circuit Judge.
 

 Plaintiff-appellant Horizons Hotels Corporation purchased a hotel property, an asset of a Chapter 7 bankruptcy estate. Later, an NLRB complaint was issued, charging Horizons with unfair labor practices. Horizons filed a complaint in bankruptcy court seeking to enjoin defendants-appellees, the NLRB Regional Director and the Union which had been the charging party, from carrying on the unfair labor practice proceeding insofar as it pertains to the conduct of the trustee in bankruptcy. This is an appeal from the district court’s dismissal of the complaint for lack of jurisdiction.
 
 [1]
 
 We affirm.
 

 I.
 
 District Court Jurisdiction to Enjoin NLRB Proceedings
 

 The NLRB has exclusive jurisdiction to determine the merits of an unfair labor practice complaint under 29 U.S.C. § 160.
 
 Myers v. Bethlehem Shipbuilding Corp.,
 
 303 U.S. 41, 48, 58 S.Ct. 459, 462, 82 L.Ed. 638 (1938);
 
 San Diego Building Trades Council v. Garmon,
 
 359 U.S. 236, 245, 79 S.Ct. 773, 779, 3 L.Ed.2d 775 (1959);
 
 NLRB v. Baldwin Locomotive Works, 128
 
 F.2d 39, 44 (3d Cir.1942);
 
 Brada Miller Freight Systems, Inc.,
 
 16 B.R. 1002, 1010 (N.D.Ala.1981),
 
 vacated and remanded on other grounds,
 
 702 F.2d 890 (11th Cir.1983);
 
 In re S.T.R. Corp.,
 
 66 B.R. 49, 52 (Bankr.N.D.Ohio 1986).
 

 At the compliance stage, where backpay liability of a bankrupt employer is about to be determined by the NLRB, “the bankruptcy court normally should stay its hand pending an administrative decision.”
 
 Nathanson v. NLRB,
 
 344 U.S. 25, 30, 73 S.Ct. 80, 83, 97 L.Ed. 23 (1952).
 

 It is
 
 a genera] rule that NLRB proceedings are not automatically stayed by bankruptcy and should not be enjoined by a bankruptcy court, absent special circumstances.
 
 In re Shippers Interstate Serv. Inc.,
 
 618 F.2d 9, 13 (7th Cir.1980);
 
 In re Bel Air Chateau Hospital Inc.,
 
 611 F.2d 1248, 1250-51 (9th Cir.1979);
 
 Seeburg Corp. v. NLRB,
 
 11 B.R. 121 (N.D.Ill.1980);
 
 Brada Miller,
 
 16 B.R. at 1012-13;
 
 In re S. T.R.,
 
 66 B.R. at 51;
 
 In re Lakes Drywall, Inc.,
 
 No. 86-33908 (Bankr.W.D.Wash. May 20, 1987). Those decisions which support a discretionary stay require as a predicate that the NLRB proceedings will threaten estate assets.
 
 In re Shippers, supra; In re Bel Air, supra; Seeburg, supra; Brada Miller, supra; In re Lakes Drywall, Inc., supra.
 
 The NLRB complaint in this case is directed solely at Horizons and seeks no remedy against the bankrupt estate. The required predicate clearly does not exist.
 

 What has already been said may be an adequate reason to affirm. We proceed, however, to address the particular facets of the situation on which Horizons based its contention that, an injunction would be appropriate.
 

 II.
 
 Claim Concerning Conduct of Rodriguez-Estrada Before June 1
 

 Hector Rodriguez-Estrada was the trustee of the bankrupt estate. In that capacity, he managed the hotel formerly managed by debtor Carib-Inn of San Juan Corp. By order dated March 7, 1986, the bankruptcy judge authorized the sale of the hotel to Horizons. Rodriguez-Estrada executed the deed May 14, 1986, providing for delivery of possession, May 31. Rodriguez-Estrada resigned as trustee June 1, and was immediately employed by Hori
 
 *563
 
 zons as General Manager. On June 6, the bankruptcy judge confirmed the sale, concluding that the transaction had been consummated May 12, execution of the deed being postponed by agreement.
 

 The NLRB amended complaint alleges that Horizons has continued to operate the business and is a successor of Carib-Inn and Rodriguez-Estrada. For many years the Union has been the collective bargaining representative of the employees. It alleges that since June 3, 1986 Horizons refused to recognize the Union and to bargain collectively with it, and has refused to employ certain former employees on account of their union activities. Paragraph 11 alleges that on several dates in May, 1986, Horizons “acting through” Rodriguez-Estrada threatened hotel employees with discharge for supporting the Union and created the impression of surveillance of employees’ union activities, thus engaging in § 8(a)(1) unfair labor practices.
 

 As is obvious, paragraph 11 alleges conduct which occurred while Rodriguez-Estrada was still trustee and before possession of the hotel was turned over to Horizons. It is the position of the NLRB that during that period the bankruptcy trustee acted in a dual capacity as Horizons’ agent and supervisor.
 

 Horizons contends that paragraph 11 charges Rodriguez-Estrada with improper conduct in his official capacity as trustee and that the bankruptcy court, which appointed him, is the appropriate tribunal to adjudicate those charges. In support, Horizons cites decisions holding that before bringing an action against a bankruptcy trustee in a different court on account of acts done in his official capacity and within his authority, a plaintiff must obtain the permission of the appointing court. Those cases do not involve NLRB unfair labor practice proceedings, and because of the exclusive jurisdiction of the NLRB, we conclude their doctrine is not applicable. .
 

 We, of course, have no idea of the evidence by which the NLRB expects to prove that Horizons was responsible for Rodriguez-Estrada’s conduct before May 81, 1986. We have no view of the merits, but reject Horizons’ argument that the bankruptcy court must make the inquiry.
 

 III.
 
 Significance of Sale Free and Clear Of Liens and Encumbrances
 

 Horizons also contends that the situation calls for the interpretation by the bankruptcy court of its own order.
 

 The bankruptcy judge’s order, dated March 7, 1986, authorized the sale to Horizons if another offeror failed to perform by March 11, a condition which came to pass. Paragraph 4 of the order included the sentence, “The sale shall be free and clear of all liens and encumbrances, the same to attach to the proceeds of the sale.” The parties agree that specified mortgages were assumed by Horizons and were unaffected by the sentence quoted.
 

 Horizons seems to suggest that the NLRB’s claim that Rodriguez-Estrada’s conduct during May amounted to an unfair labor practice may fall within “liens and encumbrances” if properly construed, and contends that the proper interpretation is a question for the bankruptcy court.
 

 Surely the ordinary meaning of “liens and encumbrances” does not embrace claims of unfair labor practices, and there is no ambiguity. Horizons suggests no facts which could lead to an interpretation including such claims.
 

 Horizons cites
 
 Matter of Prescott College,
 
 10 B.R. 316 (D.Ariz.1981). There, however, the corresponding language was “claims of any and every kind whatsoever,” and the court held this could be reasonably interpreted so that the transfer was to be free of liens. The court went on to conclude that the holder of a tax lien which had notice, but failed to object, was estopped from asserting the argument that the sale was conducted improperly, and was properly enjoined from enforcing its lien.
 
 Prescott
 
 is far distant from the facts of the instant case.
 

 Furthermore, if the facts warrant a finding that the conduct of the bankruptcy trustee was performed on behalf of the purchaser and amounted to an unfair labor
 
 *564
 
 practice, the proposition that an order of the bankruptcy court could protect the purchaser from the consequences under the National Labor Relations Act would be untenable.
 

 The judgment appealed from is AFFIRMED.
 

 [1]
 

 . Puerto Rico Hotel and Tourism Association, named in the caption, was a defendant for different reasons. The dispute with it has been settled, and is no longer involved.