United States Court of Appeals
Fifth Circuit

**F I L E D**

September 19, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60706

ERICA, INC., GENERAL PARTNER,
d/b/a FOOD BASKET PARTNERS LP,

                              Petitioner-Cross-Respondent,

versus

NATIONAL LABOR RELATIONS BOARD,

                              Respondent-Cross-Petitioner.

Appeals from the National Labor Relations Board
(Docket No. 28-CA-17521)

Before JONES, Chief Judge, and REAVLEY and PRADO, Circuit Judges.

PER CURIAM:[*]

Erica, Inc. ("Food Basket") petitions to set aside a Decision and Order of the

National Labor Relations Board ("NLRB") adopting the administrative law judge's

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in
5TH CIR. R. 47.5.4.

decision that Petitioner violated the National Labor Relations Act, 29 U.S.C.A. § 151 *et seq.* (West 1998) ("NLRA"), by refusing to bargain with the union representing the employees of petitioner's predecessor. The NLRB has cross-petitioned to enforce the order. We review the NLRB's findings for substantial evidence, and its conclusions of law *de novo*, to determine if those conclusions are reasonably defensible. *Brown & Root, Inc. v. NLRB*, 333 F.3d 628, 633 (5th Cir. 2003). We deny the petition and enforce the order of the NLRB for the following reasons:

1. Former employees of Furr's, Food Basket's predecessor, made up a majority of Food Basket's workforce, which created an obligation for Food Basket to bargain with the union. *See Fall River Dyeing & Finishing Corp. v. NLRB*, 482 U.S. 27, 40–41, 107 S.Ct. 2225, 2234 (1987). Food Basket argues that one employee, Ruben Lucero, was a supervisor, and did not count as an employee for collective bargaining purposes. *See* 29 U.S.C.A. §§ 152(3), 164(a) (West 1998). Thus, Food Basket claims that former Furr's employees were a minority of Food Basket's new workforce. However, other than conclusory testimony by one store manager, Food Basket provided no evidence of Lucero's status as a supervisor, and no evidence that Lucero exercised

2

supervisory powers. The Board is not required to defer to conclusory testimony about the position of an employee. *Central Freight Lines v. NLRB*, 653 F.2d 1023, 1025 (5th Cir. Unit A Aug. 1981). *See also Beverly Enterprise-Mass., Inc., v. NLRB*, 165 F.3d 960, 962–63 (D.C. Cir. 1999). The NLRB produced a witness who testified that Lucero performed work similar to that of a produce clerk. Therefore, the NLRB's finding that Lucero was not a supervisor was supported by substantial evidence, and the former employees of Furr's made up a majority of Food Basket's employees, triggering the duty to bargain.[2]

2.  The union made a valid demand for recognition on September 12, 2001. Food Basket argues that because the union's demand letter did not define the bargaining units sought, the letter was insufficient as a demand. However, "a valid request to bargain need not be made in any particular form, or *in haec verba*, so long as the request clearly indicates a desire to negotiate and bargain on behalf of the employees." *Peters v. NLRB*, 153 F.3d 289, 299 (6th Cir. 1998) (citations omitted).

---

[2]Because the Court holds that Lucero was not a supervisor for purposes of the NLRA, it is unnecessary to decide the status of Brandi Yniquez in order to determine whether former Furr's employees make up a majority of Food Basket's employees.

3

*See also NLRB v. Williams Enters., Inc.*, 50 F.3d 1280, 1286 (4th Cir. 1995); *Joy Silk Mills, Inc. v. NLRB*, 185 F.2d 732, 741 (D.C. Cir. 1950); *Case Concrete Co.*, 220 NLRB 1306, 1309 (1975).  The union's letter was unmistakably a request to be recognized as the employee's bargaining representative, and should have shifted the burden to Food Basket to contact the union and seek clarification of the demand.  *See Hydrolines, Inc.*, 305 NLRB 416, 420 (1991).   Food Basket argues that *Hydrolines* requires that a valid demand letter include descriptions of the bargaining units sought.   However, *Hydrolines* merely declared a union's letter with unit descriptions attached to be a valid demand.  *Id.*  In this case, although the union's letter did not include unit descriptions, the letter was sufficiently clear to notify Food Basket that the union wished to bargain on behalf of the employees.[3]

3.     Finally, Food Basket argues that a bankruptcy court order, which

---

[3]  Moreover, because testimony demonstrated that the stores in question were up and running by the time the demand letter arrived on September 12, 2001, the NLRB's finding that Food Basket employed a substantial and representative complement of employees at that time was supported by substantial evidence. *See Penn. Transformer Tech., Inc. v. NLRB*, 254 F.3d 217, 225 (D.C. Cir. 2001).

limited the liability of third party purchasers of Food Basket's predecessor, shielded Food Basket from liability under the NLRA. We disagree.

Food Basket had a duty to bargain with the union under the NLRA because of its conduct after the purchase of Furr's Supermarkets. A new employer is not necessarily bound by a predecessor's collective bargaining agreement; however, "[i]f the new employer makes a conscious decision to maintain generally the same business and to hire a majority of its employees from the predecessor," then the new employer must bargain with the union that represented the predecessor's employees. *Fall River Dyeing & Finishing Corp. v. NLRB*, 482 U.S. 27, 41, 107 S.Ct. 2225, 2234 (1987). Bankruptcy courts lack jurisdiction to determine successorship obligations under federal labor law. *See NLRB v. Laborer's Int'l Union of N. Am., AFL-CIO*, 882 F.2d 949, 955 (5th Cir. 1989). A Bankruptcy Court order might discharge duties that arose before the bankruptcy petition, but a successor's post-sale conduct can create a new duty to bargain. *See In re Carib-Inn of San Juan Corp.*, 905 F.2d 561, 563–64 (1st Cir. 1990)*; In re Goodman*, 873 F.2d 598, 602 (2d Cir. 1989). As a result,

the Bankruptcy Court's order here does not shield Food-Basket from the NLRA's requirements. Because Food Basket's post-sale conduct meets the test for successor liability, Food Basket acquired the obligation to bargain with the union of its predecessor.

PETITION DENIED, ORDER ENFORCED.